In the Matter of the Sale of the Real Estate of JOHN P. DODGE,
deceased.

CATHERINE E. DODGE et al., Appellants, *v.* JOSEPH T. STEVENS,
Respondent.

A contingent remainder in fee is an estate in land within the meaning of
the provisions of the Revised Statutes (2 R. S. 194, § 17J), providing
for the sale of an infant's real estate, and the court has jurisdiction to
direct the sale of such an interest belonging to an infant.

By the will of D., who died in 1869, his widow took a fee in certain real
estate, determinable upon her remarriage, his infant daughter C., a
contingent remainder in fee, depending upon such remarriage. In
1870, under an order made in proceedings for the sale of the real estate
of the infant daughter her, interest in said real estate was sold, the pur-
chaser giving back a bond and mortgage for the purchase-money, the
widow also conveyed her interest to the same purchaser. In 1879 the
widow remarried, and in the same year said mortgage was foreclosed
and the property bid off by the special guardian of C., who subse-
quently conveyed to her the title so acquired. In proceedings by a
creditor of D. for the sale of said land to pay his debt *held*, that the
title of C. stood not alone upon the will of her father, but upon the
foreclosure; that the court had jurisdiction of the proceedings for the
sale, in pursuance of which the mortgage was given, and so the sale
and the mortgage were valid; that as more than three years had elapsed
after the issuing of letters testamentary under the will of D. and the
commencement of the proceedings, the premises so conveyed were not
liable to sale under them (Chap. 211, Laws of 1873); that it was imma-
terial that the title again vested in C., it was sufficient that it was at
one time vested in a purchaser for value and in good faith, from that
moment it became freed from liability for the testator's debts, and that
liability did not again attach.

*In re Jones* (2 Barb. Ch. 22), distinguished; *In re Dodge* (40 Hun, 443),
reversed.

(Submitted March 21, 1887; decided June 7, 1887.)

·APPEAL from order of the General Term of the Supreme
Court in the third judicial department, made May 4, 1886,
which affirmed a decree of the surrogate of the county of
Sullivan, directing the sale of certain real estate of which
John P. Dodge died seized, for the payment of a claim which

was by said decree established as due from the estate of the decedent. (Reported below, 40 Hun, 443.)

The facts, so far as material, are stated in the opinion.

*Geo. W. Weiant* for appellants. Julia A. Coulter was a purchaser in good faith and for value, and the sale to her was valid and effectual, and cannot be impeached. (*Smith* v. *Soper*, 32 Hun, 46 ; 3 R. S., 206, § 108.)

*T. F. Bush* for respondent. No estate or interest ever passed out of the devisee who now claims the farm. (*Hyde* v. *Tanner*, 1 Barb. 75 ; *Jewett* v. *Keenholdts*, 16 id. 193 ; *Smith* v. *Soper*, 32 Hun, 46.) The bare possibility of acquiring an interest in the future could not be sold under the proceedings commenced in 1871, under the statute for the sale of infants' estates. (2 Stats. at Large, 202, § 170.) That the infant shall be seized of an estate is a jurisdictional requirement. (*Rogers* v. *Dill*, 6 Hill, 415 ; *Bates* v. *Lorillard*, 4 N. Y. 257 ; *Jenkins* v. *Fahey*, 73 id. 355.) The interest sold was one to be subsequently acquired. (*Proprietors, etc.* v. *Grant*, 3 Gray, 142, 148 ; 3 R. S. [7th ed ] 2177, § 24 ; 4 Kent's Com., 250 ; *Boraston's Case*, 3 Coke, 20 ; *Delaney* v. *McCormick*, 88 N. Y. 183 ; *Smith* v. *Edwards*, id. 92 ; *Kenyon* v. *Lee*, 94 id. 563.) On arriving at full age the infant could repudiate the sale and claim the land without refunding the money paid on the purchase, provided it was expended for her benefit during her minority. (*McCoon* v. *Smith*, 3 Hill, 147 ; *Moore* v. *Appleby*, 36 Hun, 368 ; *Green* v. *Green*, 69 N. Y. 553 ; *Mead* v. *Jenkins*, 4 Redf. 369.)

Danforth, J. The proceedings which led to this appeal were commenced before the surrogate of Sullivan county, on the 4th of December, 1882, and resulted in a decree (1) establishing the claim of Stevens, as a creditor of the decedent John P. Dodge, by virtue of a bond executed by him to one Curtis, and through various mesne assignments transferred to the petitioner, and (2) directing a sale of certain real estate

called the "Dodge farm," for the purpose of paying the debt
so established. Catherine E. Dodge, an infant, was a con
testant. She claimed to be the owner of the farm, and also
that the right of the petitioner to maintain the proceeding
was barred by the statute of limitations ; upon appeal to the
Supreme Court the decree of the surrogate was affirmed, and
from the judgment there rendered she now appeals to this
court.

Both parties claim through John P. Dodge, and the ques-
tions presented are two-fold: *First.* As to the character of
the appellant's interest in the land. *Second.* Whether the
proceedings to subject it to sale are within the statute.

John P. Dodge died, leaving a will, which, in May, 1869, was
admitted to probate, and letters testamentary issued to John
A. Thompson, as executor. The testator devised the prem-
ises now in question to his wife so long as she remained his
widow, and in case she should not again marry, he gave them
to her in fee, but in case she remarried then he devised the
same to his daughter Catherine (the appellant) in fee. It
was held in a former controversy between the parties who
are now before us, that the mother took a fee in the farm
determinable upon her remarriage, and the daughter a con-
tingent fee, depending upon the remarriage of her mother ;
and that event having happened in February, 1879, she then
became, so far as the will was concerned, seised of an absolute
estate in the farm. (*Dodge* v. *Stevens,* 94 N. Y., 209.)

It then appeared, however, and the same facts are now
before us, that in 1870, the daughter being an infant, her
interest was sold through a special guardian by order of the
court, to one Julia A. Coulter, and in pursuance thereof a
conveyance was made to the purchaser. At the same time
the mother also conveyed her interest to the same person.
The consideration for the two conveyances was $7,300,
$5,000 of which was secured by a bond and mortgage running
to the special guardian. In 1879 he foreclosed the mort-
gage, and on the sale bid in the premises in his own

diar for the purchase money. He afterwards mortgaged the property to Stevens to secure a debt due him from the testator, and which it is to be inferred is the same debt for the enforcement of which these proceedings are instituted. Stevens undertook to foreclose that mortgage, and Catharine in an action against him and Thompson obtained a judgment for the cancellation of the mortgage and a conveyance to her of the title acquired by Thompson on the foreclosure of the Coulter mortgage, declaring the premises to be her property. That action proceeded upon the ground that in taking title to himself, Thompson was guilty of a violation of trust, and the purchase voidable at the election of the *cestui que trust.* Nothing more was decided. The sale to Coulter was not impeached, although claimed by the defendant Stevens to have been invalid. He reiterates the claim now, and in answer to the appellant's contention that her title stands not alone upon her father's will, but upon the foreclosure of the Coulter mortgage, asserts that the proceedings for the sale, in pursuance of which it was given, were without jurisdiction and void. We think this view should not prevail. Expectant future estates, as defined in the statute, expressly include all remainders, whether vested or contingent (1 R. S., art. 1, tit. 2, part 2, chap. 1, §§ 9, 10, 11, 13), and as such are descendible, devisable and alienable in the same manner as estates in possession (id. § 35 ; *Lawrence* v. *Bayard,* 7 Paige, 70, 75 ; *Miller* v. *Emans,* 19 N. Y. 384 ; *Moore* v. *Littel,* 41 id. 66). Catherine, was, however, an infant, and so incapable of conveying, and the question is, as the respondent insists, "not what may be aliened by the voluntary act of parties interested, but what may be sold through a statutory proceeding." The statute then in force (2 R. S., p. 194, art. 7, tit. 2, part 3, chap. 1, § 170) provides that "any infant seized of any real estate, or entitled to any term for years in any lands, may by his next friend, or by his guardian, apply to the court for the sale or disposition of his property; and that any sale or conveyance made in good faith by the guardian

in pursuance of an order of the court, shall be valid and effectual as if made by such infant when of full age."

In behalf of the respondent it is argued that as the devise to Catherine was to take effect only on a future contingency — the remarriage of her mother — her interest or right is not within the statute. If that is so, the decision of the court below is correct, for the power of the court to order the sale of an infant's estate is purely statutory. If it had no jurisdiction, then the sale to Coulter is of no importance, and the appellant's title is that of devisee only. If it had jurisdiction, its exercise is not open to criticism, and the appellant's title will stand under the sale to Coulter, and by virtue of the act of 1873 (*infra*). In the *Matter of Jones* (2 Barb. Ch. 22) it appeared that the father of certain infants devised his entire estate to his wife for life, remainder to his children. During the wife's life they applied for a sale of the real estate, stating that they had no other property, and that a sale was necessary for their support. The application was denied, the Chancellor saying " it was not the practice of the court to authorize the sale of a future interest in real estate belonging to infants, except under very special circumstances." No doubt was expressed as to the power to do so, but sufficient reasons were assigned against its exercise.

In *Jenkins* v. *Fahey* (11 Hun, 351) the will at the bottom of the controversy gave Cornelia, the testator's daughter, an estate for life in lands whereof he died seised, remainder to her issue living at her death, with power in default of issue to appoint the fee by will. She married and had children. One of these, Ida, an infant, in pursuance of proceedings under the above statute, conveyed all her interest in the premises to one Bush. The Supreme Court held that under this statute a sale could be ordered only in those cases where the infant was in actual possession of the land, or entitled to the immediate possession thereof, and that neither expectant estates nor estates in remainder could be sold, and as at the time of her application for leave to sell her real estate Ida had neither the actual possession of the land nor the legal right to its possession, her

interest was not divested by the sale and Bush got no title Upon appeal the judgment was reversed (73 N. Y. 355), the court saying, "there is the same reason for subjecting the estates of infants, in remainder or reversion, to the jurisdiction of the court and authorizing a sale where the interest or necessities of the infant require or make a sale expedient, as in estates in actual possession," and held that a remainder-man was to be deemed seized in law of his estate. In that case it also appeared that the interest of Ida was subject to the contingency that other children might be born to Cornelia, in which case her interest would be diminished to the extent of their shares. (*Taggart* v. *Murray*, 53 N. Y. 233.) So the question of her estate was as uncertain as that of the plaintiff in this case. And although in the case cited the remainder was said to be vested, no stress was laid upon that circumstance, nor did the court consider what the law would be in case of a mere contingent remainder. I think the statute permits no different construction in the two cases. The interest or right of the plaintiff was "a contingent future estate," "a contingent remainder in fee," an estate "in expectancy," but however characterized, it was by the very language and classification of the statute an estate in land (1 R. S., 722.) It is expressly made "descendible." (1 R. S., 735, § 35.) The daughter Catherine, therefore, was as to it a proper stock of descent. Dying intestate her heirs would take the remainder, to be distributed in the same manner as an estate in possession. The term " real estate," as used in the statute, relating to the "title to real property by descent." (1 R. S., chap. 2, pt. 2, p. 751, § 27,) is declared to include every estate, interest and right, legal and equitable, in lands, etc., except such as are extinguished by the death of an intestate, seized or possessed thereof, or in any manner entitled thereto."

The statute under which the proceedings in question were taken (2 R S., 194, § 170, *supra*) relates to "the conveyance of lands by infants, and the sale and disposition of their estates," and when it provides in language before quoted for an application by such a person to the court for

the sale or disposition of " his property," the words " seized of any real estate " must be taken to have the same meaning as similar words in the sections before cited, and the word " seized " to be equivalent to the word " owning."  So, also, the " real estate " or " property," over which by these words the court is given jurisdiction, can have no limit that the definition supplied by the statutes (*suprà*) do not require.

The appellant's interest as devisee was therefore the subject of sale, and the title to the real estate in question passed to Mrs. Coulter on the 19th of April, 1870, by the conveyance executed under the order of the court.  More than three years elapsed after the granting of letters of administration on the estate of the testator before the application at the bottom of these proceedings was made, and the premises so conveyed are therefore not liable to sale under them. (Laws of 1873, chap. 211.)  It is of no consequence that subsequently the title again vested in the plaintiff.  It is enough that it was at one time vested in a purchaser for value and in good faith.  It was at that moment freed from liability for the testator's debts and that liability did not again attach.

The other question, that of the statute of limitations, is not without difficulty, but in view of the conclusion already reached as to the other proposition, it requires no discussion.

The order of the Supreme Court and of the surrogate should be reversed and the application denied.

All concur except ANDREWS, J., dissenting.

Ordered accordingly.