HELEN A. MOSER, Executrix, etc., Appellant, *v.* THOMAS B. COCHRANE, Respondent.

This action was brought by a purchaser of real estate to recover back the portion of the purchase-price paid by him on execution of the contract of sale on the ground that defendant inherited the property from C., who died within three years intestate, that the administration of his estate had not been closed and plaintiff would have to take the property, subject to the debts of the intestate, if any there should be after his personal estate was exhausted, also to the possibility of the discovery of a will within four years after the death which would govern the disposition and render a conveyance void. *Held*, that to entitle plaintiff to relief it was necessary for him to show debts, and an insufficient personal estate left by C.

The court excluded evidence on the trial offered by plaintiff that he was unable to procure a loan on the property and that lawyers, familiar with such questions, regarded a title derived from an heir within the periods named in the complaint, not marketable. *Held*, no error; that the question as to the sufficiency of the title was for the court, and the opinion of conveyancers was immaterial.

Defendant's answer admitted the execution of the contract set forth in the complaint, and as a counter-claim averred readiness and tender of a deed and offer to perform on his part, and asked for a specific performance, *Held*, that the case was brought within the provisions of the Code of Civil Procedure (§§ 501, 502) in reference to counter-claims, and upon establishing the facts alleged defendant was entitled to the affirmative relief sought.

Defendant's evidence showed, and the court found, the regular issuance of letters of administration, compliance with the statute respecting claims against the decedent, and payment of all debts before the time fixed for delivery of the deed, leaving a balance of personal property. At the time of this finding C. had been dead more than three and a half years. *Held*, that defendant was entitled to a specific performance.

A bare possibility that a title may be affected by existing causes, which may subsequently be developed, when the highest evidence of which the nature of the case admits, amounting to a moral certainty, is given that no such cause exists, is not to be regarded as a sufficient ground for declining to compel a purchaser to perform his contract.

The contract called for a frontage of twenty-eight feet two inches " more or less,' the deed tendered, twenty-eight feet more or less; the same description of the property was given in both, bounding it on either side by the walls of adjoining tenements. *Held*, that in such a case quantity was not a material part of the description.

(Argued June 29, 1887: decided October 4, 1887.)

APPEAL from judgment of the General Term of the Court of Common Pleas for the city and county of New York, entered upon an order made April 17, 1885, which affirmed a judgment in favor of defendant, entered upon the decision of the court on trial at Special Term.

The nature of the action and the material facts are stated in the opinion.

*Sol Kohn* for appellant. Within three years from the granting of letters of administration, purchasers of real property which belonged to the decedent will not be protected if such decedent's debts exceeded his personalty. (Code of Civil Pro. §§ 2749, 2801; *Slocum* v. *English*, 62 N. Y. 497; *Hyde* v. *Tanner*, 1 Barb. 80; *Jewett* v. *Kenholtz*, 16 id. 195; *Watkins* v. *Holman*, 16 Peters, 63; *Becker* v. *Koch*, Alb. L. J., April 9, 1887, p. 270; Sugden on Vendors [ed. 1862], 385, § 1.) The burden of proof as to existence of debts, or insufficiency of personalty for their discharge, does not rest upon the purchaser. Testimony upon these points, whether given by vendor or vendee, is not conclusive, and does not bind actually existing creditors. (Bouv. L. Dict., Tit. Maxims, 129–136; *Shriver* v. *Shriver*, 86 N. Y. 575; *People* v. *Open*

*Bd. of Stk. Brokers*, 92 id. 104; *Robert* v. *Sadler*, 6 Cent. Rep. 209; 108 Mass. 400; *Hall* v. *Partridge*, 10 How. 192; *Lowes* v. *Lush*, 14 Ves. 547, 548; Sugden on Vend., Art. Doubtful Tit. 384; *Fleming* v. *Burnham*, 100 N. Y. 8, 9.) The plaintiff's testator, as a purchaser of land, had a right to demand a title which would protect him from anxiety, and which would enable him not only to hold his land in peace, but, if he wished to sell it, to be reasonably sure that no fraud or doubt would come up to disturb its market value. (*Jordan* v. *Poillon*, 77 N. Y. 521; *People* v. *Open Bd. Brokers*, 92 id. 98; *Fleming* v. *Burnham*, 100 id. 1; *Pyrke* v. *Waddingham*, 17 Eng. L. & Eq. 534; Fry on Spec. Perf. [3d ed.] 421, 426, *n.* 1; Sugden on Vend. [ed. 1862] 365.)  The action brought by plaintiff was one at law. (Code, § 501; *Cowing* v. *Altman*, 79 N. Y. 169; *Denham* v. *Cudlipp*, 94 id. 134.)

*James R. Marvin* for respondent.  It was necessary for the plaintiff, to entitle him to recover the deposit-money in a suit in disaffirmance of his contract, to allege and prove all the facts upon which he relied to show a defective title in defendant. (*Spring* v. *Sandford*, 7 Paige, 550; *Schermerhorn* v. *Niblo*, 2 Bosw. 161; 6 Paige, 407, 413; 2 Kern. 395; Hopk. R. 436; 7 Paige, 550; Waterman on Spec. Perf., § 415; *Hellreigel* v. *Manning*, 97 N. Y. 56.)  The burden of proof was upon the plaintiff to show defendant's title absolutely bad, before he could be entitled to a recovery. (*O'Reilly* v. *King*, 28 How. 408; *Lyddal* v. *Weston*, 2 Atk. 20; *Romilly* v. *James*, 6 Taunt. 263.)  The answer constitutes a counter-claim, and, as no reply thereto was served, it stands admitted, and the defendant was entitled to judgment upon the counter-claim as a matter of course. (Code Civ. Pro., §§ 501, 504, 1204; 37 N. Y. 409; 50 id. 17; 52 id. 237; 39 id. 297; 47 id. 426; 88 id. 258; 61 id. 237; 4 Abb. N. S. 266; 19 Abb. 97; 24 How. 329; 10 id. 67; 13 id. 248; 8 id. 122; 6 Bosw. 452; 2 Civ. Pro. R. 204; 16 Hun, 189; 6 Bosw. 453; 51 Barb 195; 15 id. 365; 22 id. 154.)  A counter-claim is a kind of equitable defense which is permitted under the Code

to be set up where it arises out of the contract set up in the complaint. (52 Barb. 136; 2 Duer, 642; 6 Bosw. 458; 13 N. Y. 257; 37 How. 301; 6 Abb. N. S. 319; 5 Lans. 25–34.)

DANFORTH, J. The complaint sets out an agreement in writing by which the plaintiff undertook to buy and the defendant to sell certain premises in the city of New York for the sum of $20,500, payable $1,000 down, and the residue in installments at and subsequent to the·delivery of the deed, which it was agreed should be made the 10th day of June, 1882. The $1,000 was paid and in due time the deed tendered, but the plaintiff refused to receive it and commenced this action on the 11th of August, 1882, to recover the money back on the grounds as stated in the complaint:

"*First.* That the property was part of the estate of James Cochrane, who died intestate on or about the 28th day of December, 1880, and that as the administration of the estate has not been closed, and three years had not elapsed since letters of administration were granted, the plaintiff would have to take the property subject to the debts of the intestate, if any there were, after the personal estate was exhausted.

"*Second.* That four years have not elapsed since his death, and if within four years thereafter a last will and testament of his property be found, it would govern the disposition thereof, and the conveyance to plaintiff be void."

The defendant by answer averred many things not now necessary to refer to in denial and avoidance of the plaintiff's claim, but among other things that all the demands owing by the said James Cochrane had in fact been paid by the administrator, and declaring his readiness and ability to carry out the agreement, prayed that the plaintiff be required to specifically perform it on his part. Upon trial before a court and jury the plaintiff's case was dismissed, but the issue upon the answer retained for hearing at Special Term, where the trial judge found all the facts in favor of the defendant "and that at the time fixed by the agreement for the delivery of the deed, all the debts of the deceased had been paid." He ordered judg-

ment for the defendant according to the prayer of the answer, and this judgment was affirmed by the General Term.

We think the case on both branches was well decided.

Before the real estate of a decedent can be applied to the payment of his debts, it must be made to appear that the personal estate is insufficient for their payment. The complaint sets up the difficulty, which seemed insuperable to the plaintiff, that if he executed the agreement he " would have to take the property subject to the debts of the ancestor, if any there should be after his personal estate was exhausted." To entitle him to relief, therefore, he was required to show that the title of the defendant was not such as he was bound to accept, and to carry out the theory of the complaint two facts must appear : First, debts; second, an insufficient personal estate left by the defendant's ancestor. As to both, being the moving party, suing to recover back money paid — he held the affirmative. He utterly failed to show either. Indeed he offered no evidence having the slightest tendency to establish these circumstances. Nor was there any error in excluding evidence of the plaintiff's inability to procure a loan upon the property, nor that the reasons assigned by the lawyer to whom application was made, were those stated in the complaint as objections to the title. Other evidence offered was to the effect that members of the legal profession familiar with such questions, regarded a title derived from an heir within the periods named in the complaint, non-marketable. If the facts proved justified the inquiry, the question was one for the court to answer. The opinion of conveyancers against it is quite immaterial. (Sugden on Vendors, 174.) The learned trial judge, therefore, properly excluded this evidence, and the plaintiff omitting to produce any other, he could only hold that no cause of action had been made out.

On the other hand the answer set up a counter-claim, and the findings of the court upon competent evidence sustained it. The defendant's claim arose out of the contract or transaction set forth in the complaint and without which the plaintiff would have had no standing as a litigant. The case, therefore,

is within the Code (§§ 501, 502), and no reason is perceived why the defendant, if he established the counter-claim, should not have the affirmative judgment demanded in the answer. (*Howard* v. *Johnston*, 82 N. Y. 271.) At the close of the evidence on the part of the defendant on this branch of the case, the plaintiff moved for a dismissal on "the grounds, (1.) that no counter-claim is set up in the answer, and (2.) that the case as made out does not entitle the defendant to specific performance, as it appears that the entire purchase-money was to have been paid in cash." Neither of these propositions are now presented by the appellant, nor could they, with any propriety, be insisted upon. The answer admits the contract as set out in the complaint, states every fact entitling the defendant to its performance, and ask for the appropriate relief. The only foundation for the other suggestion is evidence called out by the plaintiff that after the time fixed for the tender of the deed and consummation of the contract, and after the deed had been tendered and refused, he applied to the defendant and "asked him if he would as lief take all in money, and the defendant replied it would make no difference." The defendant then said he would pay the entire amount in money instead of giving a bond and mortgage. But there was no change in the agreement, nor any pretense that the money was in fact paid.

The learned counsel for the appellant on this appeal, formulates and argues the question "whether a purchaser can be compelled to take title to real property within three years from the granting of letters of administration upon the estate of the party from whom the vendor inherited the property." As applied to the appellant's case it offers for consideration a mere abstraction and it is not necessary now to pass upon it. The doubt as to the title, as the case was presented to the trial court, was upon matter of fact.

The appeal is resisted on evidence and findings which allow no reasonable doubt as to the title offered, even if they do not exclude the possibility of injury to the vendee. It was conceded that the deceased died intestate, and in addition to other evidence on the part of the respondent, proof was given of the

regular issuance of letters of administration and compliance with the statute respecting claims against the deceased, a consummated advertisement for them and the payment of all, leaving a balance of personal estate amounting to about $10,000, and the court finds not only that the personal estate left by the deceased was large in amount and in excess of all his indebtedness, but also that all his debts were paid before the time fixed for the delivery of the deed. At the time this finding was made the deceased had been dead more than three and a half years; nearly three years had elapsed from the appointment of the administrator. Even then there could at most be said to be merely a bare possibility that the title would be affected by debts thereafter to be discovered, but of whose existence the plaintiff did not express a suspicion, much less a belief.

The question arising on similar facts was presented in *Spring* v. *Sandford* (7 Paige, 550), where the same propositions were submitted on behalf of a purchaser wishing to be relieved of his bargain, but they were not sustained. *Schermerhorn* v. *Niblo* (2 Bosw. 161) is to the same effect, the learned judge saying: " As the law does not regard trifles a bare possibility that the title may be affected by the existing causes which may subsequently be developed, when the highest evidence of which the nature of the case admits, amounting to a moral certainty, is given, that no such cause exists, will not be regarded as a sufficient ground for declining to compel a purchaser to perform his contract." As the case stands it must be deemed settled that the defendant's ancestor died intestate, that the debts owing by him were paid by his administrator in due course of administration, and that none remained which could be the means of impairing the title which the deed tendered did in terms convey.

The objection that the deed calls for a frontage of twenty-eight feet, more or less, while the contract calls for a frontage of twenty-eight feet two inches, "more or less," is not tenable. The same description of the property is given in both instruments, bounding it on either side by the walls of adjoining

tenements and with such particularity that no mistake could arise as to either its location or dimensions. In such a case quantity is not a material part of the description.

We think there is no error in the judgment appealed from, and that it should be affirmed.

All concur.

Judgment affirmed.