### ALLEN v. SANFORD et al.

*(Supreme Court, General Term, Third Department. December 28, 1889.)*

1. EXECUTORS AND ADMINISTRATORS—SALE OF LAND—PETITION BY CREDITOR.

2 Rev. St. N. Y. p. 100, § 2, provides that the petition of executors for the disposal of decedent's real estate to pay debts shall show what were the provisions of the will as to real estate, who were the heirs or devisees of decedent, and whether deceased had any other real estate than that described in the petition; while subsequent sections of the statute, authorizing similar proceedings by creditors, do not specify the facts to be alleged in the petition. *Held,* that the provisions of section 2 were equally applicable to a petition filed by a creditor.

2. SAME—LACHES.

Where the petitioner neglects for nine years after filing his petition to urge the relief sought, he is guilty of inexcusable laches.

Appeal from surrogate's court, Rensselaer county.

Proceedings by Darius Allen, a creditor of Amanda M. Andres, deceased, to have her real estate disposed of for the payment of his debt, against John Sanford and others, executors of deceased, and purchasers and occupants of deceased's property, which had been sold under a mortgage given by an heir of deceased after her death. An order was entered by the surrogate dismissing the proceedings, and plaintiff appeals.

Argued before LEARNED, P. J., and LANDON, J.

*James Lansing,* for appellant. *Frederick A. Chew, (William W. Morrill,* of counsel,) for respondents.

LEARNED, P. J. This is an appeal from an order of a surrogate made in proceedings taken by a creditor of Amanda M. Andres, deceased, to compel the sale or mortgaging or leasing of real estate of the deceased for the payment of his debt. The proceeding was commenced prior to August 31, 1880, and it is not disputed that it is to be governed by the statutes in force prior to Code Civil Proc. § 3347, subd. 11. Letters testamentary on the will of the deceased were issued January 18, 1869. February 9, 1871, real estate of which she died seised was conveyed by the executors, heirs, and legatees to Sarah E. Andres, who in March, 1871, mortgaged the same. In 1874 the mortgage was foreclosed and the property sold. On the petition of appellant, Allen, a final accounting was had September 30, 1875, from which it appeared that there was no personal property applicable to the payment of her debts. On the 20th of October, 1875, the appellant filed his petition for an order requiring the executors to sell, etc., real estate to pay debts. An order to show cause was made, returnable November 15, 1875. On the return-day, it seems by the minutes that the appellant and the executors appeared. The executors objected to jurisdiction. It does not appear that anything was done. After a lapse of more than five years, there is another minute of appearance of the parties February 8, 1881, but nothing done. On the 10th of May, 1884, there is another minute of appearance, and the executors withdraw opposition. By this time another surrogate was in office, and he made an order returnable July 7, 1884, that all persons interested in the estate show cause, etc. On the return-day there was an appearance. The matter was adjourned from time to time till September 20, 1884, when there was a hearing. On the 25th of February, 1889, the surrogate dismissed the proceeding.

Neither the petition nor the proof show what were the provisions of the will as to real estate, or who were the heirs or devisees of the deceased, or whether the deceased had any other real estate than that described in the petition. These things are required in the petition of executors, (2 Rev. St. marg. p. 100, § 2;) and if land has been conveyed by the heirs or devisees, such as has not been conveyed must be first sold, (Id. p. 103, § 20.) If lands are charged with the payment of debts by the will, they cannot be sold under

this proceeding. Id. p. 102, § 14. It is true that the fifth edition of the Revised Statutes, vol. 3, p. 196, § 59, Laws 1837, c. 460, § 72, (being the substitute for the old section 48,) authorizing proceedings by a creditor, says little as to the facts to be alleged in his petition; but page 108, § 50, shows that the surrogate must be satisfied of the facts required by section 14, *ut supra,* and it is certainly important that he should have proof of the same facts in substance as in the case of proceeding by an executor. It is said by Dayton that these facts must be stated in the creditor's petition. Dayt. Sur. 579. The petitioner states that seven persons, naming them, are owners of the real estate, and that it is occupied by twelve others. Five of the alleged owners were served with the order; none of the occupants except three, who are also owners. Other persons were served who are not named as owners or occupants. It is further to be noticed that the order to show cause prescribed by section 6 is to be served on the widow, heirs, and devisees; and the same proceeding must be had where the petition is by a creditor. Section 50. And, indeed, section 2 says nothing about a statement of the names of persons claiming under the heirs or legatees. In this respect it seems to differ from the Code, § 2752, subd. 3. It seems to us, then, that the petition is defective, and that the defect is not supplied by proof.

Nor can we overlook the laches which appears in this proceeding. Between November 15, 1875, and February 8, 1881, nothing was done, and no continuance of the proceeding appears. From February 8, 1881, to May 10, 1884, there is another interval in which nothing was done, and apparently the proceeding had been dropped. Then an order to show cause was made, based upon facts stated in a petition made nine years before. It is not probable that the same persons were occupants of the premises who were alleged to have occupied them in 1875. The surrogate, therefore, could not know whether the actual occupants were served, even if all had been served who were named in the petition. Under all these circumstances, we think the surrogate justified in dismissing the application. Order affirmed, with $10 costs, and printing disbursements.