DARIUS ALLEN, Appellant, *v.* JOHN SANDFORD *et al.*, Respondent.

*Supreme Court, Third Department, General Term, December* 28, 1889.

1. *Executors, etc.    Sale of real estate.*—In a proceeding by a creditor to sell real estate of a decedent to pay his debts, the same facts in substance should be alleged and proved as in the case of a like proceeding by an executor.
2. *Same.*—An order in such proceedings to show cause, issued on a defective petition nine years after its filing, should be dismissed.

*James Lansing*, for appellant.

*William W. Morrill*, for respondents.

LEARNED, P. J.—This is an appeal from an order of a surrogate made in proceedings taken by a creditor of Amanda M. Andres, deceased, to compel the sale or mortgaging or leasing of real estate of the deceased for the payment of his debt.

The proceeding was commenced prior to August 31, 1880, and it is not disputed that it is to be governed by the statutes in force prior to the Code. Code Civil Procedure, § 3347, subd. 11.

Letters testamentary on the will of the deceased were issued January 18, 1869. February 9, 1871, real estate of which she died seized was conveyed by the executor, heirs and legatees to Sarah E. Andres, who, in March, 1871, mortgaged the same. In 1874 the mortgage was foreclosed and the property sold.

On the petition of appellant Allen, a final accounting was had September 30, 1875, from which it appeared that there was no personal property applicable to the payment of her debts.

On the 20th of October, 1875, the appellant filed his peti-

tion for an order requiring the executors to sell, etc., real estate to pay debts. An order to show cause was made returnable November 15, 1875. On the return day, it seems, by the minutes, that the appellant and the executors appeared. The executors objected to the jurisdiction. It does not appear that anything was done. After a lapse of more than five years there is another minute of appearance of the parties February 8, 1881, but nothing done.

On the 10th of May, 1884, there is another minute of appearance, and the executors withdraw opposition.

By this time another surrogate was in office, and he made an order returnable July 7, 1884, that all persons interested in the estate show cause, etc. On the return day there was an appearance. The matter was adjourned from time to time till September 20, 1884, when there was a hearing.

On the 25th of February, 1889, the surrogate dismissed the proceeding.

Neither the petitioner nor the proof show what were the provisions of the will as to real estate, or who were the heirs or devisees of the deceased, or whether the deceased had any other real estate than that described in the petition. These things are required in the petition of executors. 2 R. S. m. p. 100, § 2. And if land has been conveyed by the heirs or devisees, such as has not been conveyed must be first sold. Id. 103, § 20. If lands are charged with the payment of debts by the will, they cannot be sold under this proceeding. Id. 102, § 14.

It is true that 5th ed. Laws 1847, chap. 460, § 72, being the substitute for the old § 48, authorizing proceedings by a creditor, says little as to the facts to be alleged in his petition. But page 108, § 50, shows that the surrogate must be satisfied of the facts required by § 14, *ut supra.* And it is certainly important that he should have proof of the same facts in substance as in the case of proceeding by an executor. It is said by Dayton that these facts must be stated in the creditor's petition. Dayton on Surrogates, 579.

The petitioner states that seven persons, naming them, are owners of the real estate, and that it is occupied by twelve others. Five of the alleged owners were served with the order; none of the occupants, except three, who are also owners. Other persons were served who are not named as owners or occupants.

It is further to be noticed that the order to show cause, prescribed by § 6, is to be served on the widow, heirs and devisees. And the same proceeding must be had where the petition is by a creditor. Section 50. And, indeed, § 2 says nothing about a statement of the names of persons claiming under the heirs or legatees. In this respect it seems to differ from the Code, § 2752, subd. 3.

It seems to us, then, that the petition is defective, and that the defect is not supplied by proof.

Nor can we overlook the laches which appears in this proceeding. Between November 15, 1875, and February 8, 1881, nothing was done, and no continuance of the proceeding appears. From February 8, 1881, to May 10, 1884, there is another interval in which nothing was done, and, apparently, the proceeding had been dropped. Then an order to show cause was made, based upon facts stated in a petition made nine years before. It is not probable that the same persons were occupants of the premises who were alleged to have occupied them in 1875. The surrogate therefore could not know whether the actual occupants were served, even if all had been served who were named in the petition.

Under all these circumstances we think the surrogate justified in dismissing the application.

Order affirmed, with ten dollars costs and printing disbursements.

LANDON, J., concurs; INGALLS, J., not acting.

## NOTE ON " SALE OF DECEDENT'S REAL ESTATE TO PAY DEBTS."

A proceeding for the sale of real estate of a decedent to pay debts is a special proceeding. Church *v.* Olendorf, 49 Hun, 439.

An order to show cause in a proceeding to sell decedent's real property to pay debts, issued on a defective petition nine years after its filing, should be dismissed. Allen *v.* Sandford, 55 Hun, 607.

A proceeding by a creditor, in such case, must be based substantially on the same facts as a proceeding by an executor. Id.

The omission of a tract of land from the petition for the sale of a decedent's real estate to pay his debts, does not affect the jurisdiction. Matter of Bingham, 57 Hun, 586.

Where names are not known at the time, they may be supplied after the filing of the petition. Id.

The sale of real estate to pay debts may be directed, in a proper case, upon proof of reasonable diligence in converting and applying assets to the payment of debts. Matter of Topping, 18 Civ. Pro. 115.

In such case, the inventory is not conclusive against the contestant, though filed by his grantor. Id.

The filing of a petition within three years after the issuance of the letters, gives jurisdiction. Id.

The surrogate has power to make a decree against a person who appears generally and takes part in the proceeding, though not named in the petition, as effectually as though he had been an original party. Matter of Brigham, 127 N. Y. 296; mod. and aff'g 57 Hun, 586.

The omission of a piece of the decedent's real estate from the *lis pendens*, filed under § 2751 of Code, exempts it from liability to a sale or mortgage to pay debts. Id.

That the executor has squandered the personal property of the estate, which has come to his hands, will not defeat the creditor's application. Id.

As to when a surrogate is not personally disqualified to entertain a proceeding to sell decedent's real estate, see case last cited.

Under § 2759 of the Code, the surrogate has no discretion to order a sale of real estate by an administrator *de bonis non* to pay debts, where it appears that the personal property in the hands of a former administrator was sufficient for that purpose. Matter of Kingsland, 60 Hun, 116. This is especially so, if the former administrator did not act with reasonable diligence in so applying it. Under the provisions of the Revised Statutes, as amended by the laws of 1838, *it seems* that the surrogate had such discretion. Id.

The reopening of proceedings for the sale of real estate for the admission of new evidence before the surrogate without notice to the devisees, impairs their rights under § 2755 of the Code and is error. Matter of Hearman, 20 Civ. Pro. 8.

It is not an objection, in proceedings by a creditor to have lands sold for debts that some of the statements contained in the petition are on information and belief. Matter of Merchant, 53 Hun, 638. Where the petition has credible information, there is no occasion for the inquiry authorized by § 2753 of the Code. Where the facts give the surrogate jurisdiction, it is not necessary to state that diligent inquiry has been had. The surrogate, in determining whether the personal estate is sufficient, has a right to consider the inventory on the trial. Id.; Forbes v. Halsey, 26 N. Y. 60. A final accounting is not necessary before making the order. The fact that a claim against the estate of the decedent has been presented to and rejected by the administrator, does not deprive the surrogate of jurisdiction to determine its validity in such proceedings. Id.; Matter of Haxtun, 102 N. Y. 157.

Where the order requiring persons interested to appear was returnable, in proceedings for the sale of the decedent's land for payment of debts, one day later than the maximum time prescribed by statute, it was held that the addition of a day to the statutory time did not affect the foundation of the proceedings. O'Connor r. Huggins, 113 N. Y. 511.

The right of a creditor or representative, under § 2750 of the Code, to take proceedings to compel a sale is restricted to the period of three years after letters granted. Church v. Olendorf, 49 Hun, 439. It is not extended indefinitely so as to allow the proceedings at any time within such three years, regardless of the period that may have elapsed previously. Id.

A petition by an executor for the sale of decedent's lands for payment of his debts is sufficient, where it avers the issuance of letters and states facts showing that the proceeding was commenced three years thereafter, though the precise date of their issuance is not stated. Matter of Haig, 6 Dem. 454. It need not contain an allegation that the property is not subject to a valid power of sale for the payment of debts, where that fact appears from the will. Id.

Where more than three years have elapsed since the granting of letters of administration before an application for the sale of decedent's land was made, the premises are not liable to a sale in such proceedings where they have once vested in a purchaser for value and in good faith. Matter of Dodge, 105 N. Y. 585. The rule is true, though subsequently and at the time of the commencement of the proceedings, they have revested in the devisee under the decedent's will. Id.

The cost of a monument purchased by the administrator in his representative capacity is such a part of the funeral expenses as will sustain a proceeding for the sale of lands to pay the decedent's debts. Matter of Laird, 42 Hun, 136.

Where the petition of a creditor for the sale of a decedent's land to pay debts omits to set forth any facts which the statute requires to be stated therein, the surrogate's court fails to acquire jurisdiction. Matter of German Bank, 39 Hun, 181. In such case, no valid decree can be entered directing a sale of the real property of the decedent. Id. Where the

petitioner has in every respect complied with the requirements of the statute in setting forth his own indebtedness due from the decedent, that alone will sustain the jurisdiction of the court. Id. If no reference is made in the petition to unpaid funeral expenses, it may be presumed that none exist. Id. The petition is not required to make any negative averment upon the subject. Id. Where the petitioner is not advised that there are any unpaid funeral expenses, or is informed that there are, but is ignorant of the amount, and to whom the same is due, he may omit to make any reference to them in his petition. Id.

The administration of an administrator *de bonis non* is, in most respects, a mere continuation of that of his predecessor. Matter of Kingsland, 60 Hun, 116.

Such administrator, on an application to sell decedent's real estate, etc., must show that his predecessor exercised reasonable diligence in applying the personal property to the payment of the debts, etc. Id.

If the decedent at the time of his death left sufficient personal property which could have been applied to the payment of his debts and funeral expenses, in the exercise of reasonable diligence on the part of his executors or administrators, resort cannot be had to the statutes for the sale of his real estate for the payment of his debts. Matter of Kingsland v. Murray, 133 N. Y. 170. In that event, the personal property is the fund for the payment of his debts, and the creditors must resort to that through the executors or administrators. Id. If they waste or squander the personal property so that it becomes insufficient for the payment of the debt, the only resort of the creditors is to them to enforce their personal responsibility. Id. They cannot in that case cause the real estate to be sold under the statutes. Id. But, if the personal property left by the decedent at the time of his death was insufficient to pay his debts, or if the executors or administrators proceed with reasonable diligence in applying it to the payment of his debts, and it proves insufficient for that purpose, then, and then only, a case is made for the sale of the real estate. Id.

Therefore, before the surrogate can make a decree for the sale of real estate, the petitioner must establish that all the personal property of the decedent, which could have been applied to the payment of his debts and funeral expenses, has been so applied. Id. If he establishes this, he need go no further, and the surrogate is authorized to make the decree. Id. If he cannot establish this, he must establish the other alternative, to authorize the surrogate to make the decree, that the executors or administrators have proceeded with reasonable diligence in converting the personal property into money and applying it to the payment of the debts and funeral expenses, and that it is insufficient for this purpose. Id. See also, Skidmore v. Romaine, 2 Brad. 122; Corwin v. Merritt, 3 Barb. 341; Moore v. Moore, 14 Id. 27; Tucker v. Tucker, 4 Abb. Ct. of App. 428 ; Moser v. Cochrane, 107 N. Y. 35; Reed v. Lozier, 15 N. Y. St. Rep. 299.

It is true that, under this construction of the statute, an irresponsible executor or administrator, may so waste and misappropriate personal property

of a decedent that none of it could be applied to the payment of his debts, and that thus a proceeding to sell the real estate could not be maintained for the reason that it could not be shown that the executor or administrator had proceeded with reasonable diligence in converting and applying the personal property to the payment of debts. Id. And, under this construction, there may be cases, though rare, where the creditors may not be able to compel the sale of the real estate of the decedent for this purpose under the provisions of these sections of the Code. Id. But the creditors are not confined to such a proceeding to compel payment of their debts. Id. They have a further remedy under §§ 1837, 1860, of the Code. Id.

See further, Matter of Morris, 45 N. Y. St. Rep. 716.

In proceedings to sell lands for debts, the counsel for the freeholder will not be allowed a sum for their services which will exhaust the entire fund realized upon the sale. Matter of Matthewson, 19 N. Y. St. Rep. 210.