In the Matter of the Application of JANET KINGSLAND, as Administratrix, etc., of HENRY FOSTER TOPPING, Deceased, to Sell Real Estate.

*Executors and administrators — sale of decedent's real estate for the payment of debts — what must be shown by the administrator de bonis non — Code of Civil Procedure, sec. 2759, sub. 5.*

The Code of Civil Procedure (§ 2759, sub. 5), relative to sales of a decedent's property for the payment of debts, and the facts to be established upon such an application, requires proof "that all the personal property of the decedent which could have been applied to payment of the decedent's debts and funeral expenses, has been so applied, or that the executors or administrators have proceeded with reasonable diligence in converting the personal property into money and applying it to the payment of those debts and funeral expenses, and that it is insufficient for the payment of the same as established by the decree."

Where an administrator, by the exercise of reasonable diligence, could have realized from the property of his intestate sufficient money to pay his intestate's debts, but did not act with diligence, nor properly apply moneys received, and was succeeded by an administrator *de bonis non*, who made application for the sale of the decedent's real property for the payment of such debts, it was

*Held*, that such application must be denied.

An administrator *de bonis non* takes the estate where his predecessor left it, and upon such an application is bound to show that his predecessor exercised that diligence which would have been required of him (the administrator *de bonis non*) had he been appointed in the first instance.

Appeal by George W. Murray, purchaser of real estate formerly belonging to Henry Foster Topping, Sr., from a decree, entered in the office of the Surrogate's Court of the county of New York on the 26th day of November, 1890; and also from an order of reference, made and entered in said office on the 27th day of February, 1889, and from the report of R. D. Hatch, referee, made thereon and dated August 2, 1889; and also from that portion of an order, made and entered in said office on the 14th day of March, 1890, which referred the matter back to said referee for proof as to the ability of Janet Kingsland, as administratrix of Henry Foster Topping, to collect the assets of said deceased, and as to such efforts as she might have already made for that purpose; also from a second report of said referee, made therein and dated June 17, 1890; and also from an order of said court, made and entered in said office on

September 16, 1890, confirming the second report of said referee and appointing appraisers.

*Daniel Finn*, for George W. Murray, purchaser, appellant.

*R. H. Underhill* and *Warren W. Foster*, for the administratrix, respondent.

LAWRENCE, J. :

This is an appeal by George W. Murray, the grantee of Henry Foster Topping, Jr., the son of Henry Foster Topping, Sr., deceased ; the said Henry Foster Topping, Jr., being the sole heir-at-law and former administrator of the decedent. A decree was entered directing the sale of real estate belonging to the decedent for the payment of his debts. The father died November 15, 1885, and the son was appointed as his administrator by the surrogate of the county of New York on the 23d of November, 1885. On the 6th of January, 1886, the said Henry Foster Topping, Jr., gave to Daniel Finn a mortgage on the property sought to be sold in this proceeding, and on the 10th of February, 1886, the said Henry Foster Topping, Jr., sold and conveyed the premises in question to the appellant George W. Murray, subject to the mortgage aforesaid. On the 6th of April, 1886, Henry Foster Topping, Jr., as administrator of his father's estate, filed an inventory thereof, in which the personal estate was appraised by the appraisers at $2,489. The letters of administration granted to the son were revoked on the 17th day of January, 1888, and on May 21, 1888, Janet Kingsland, the petitioner in this proceeding, was appointed administratrix *de bonis non* in his place.

The son, as administrator, never rendered any account of his proceedings in regard to his father's estate. This proceeding was commenced in November, 1888, by the present administratrix for the purpose of having the property, conveyed to the appellant as above stated, sold to pay the debts of the decedent. On the 7th day of January, 1889, the citation and petition herein were served on the appellant, the petition having been filed on November 21, 1888. The appellant, in his answer to the petition, among other things, prayed that an order might be made requiring the said Henry Foster Topping, Jr., to "render an account of his proceed-

ings as the administrator of the goods, chattels and credits of the said Henry Foster Topping, deceased, and that the amount which shall be found in his hands as administrator as aforesaid, shall be directed to be applied to the payment of the debts and liabilities of the said deceased, and that meanwhile, and until such account has been judicially settled and it has been determined by the court herein, the value and amount of the personal property of the said deceased which came into the hands of the said Henry Foster Topping, Jr., as the administrator as aforesaid, these proceedings shall be adjourned and stayed."

Topping in his testimony before the referee stated that he was willing to make an account of his proceedings as administrator of his father's estate. "I would render that account now if the present administratrix requested me to do so, and I have been willing to render such an account ever since I came back to New York in 1888, in January. Neither the administratrix nor her lawyer have asked me to render any account as administrator since I came back to New York in 1888." At the time of his decease, Topping, Sr., left certain personal property, consisting of hay, grain, farming utensils and stock, which was not included in the inventory filed by his administrator, Topping, Jr. That inventory stated that two hundred shares in the Adgate Rotary Loom Company, of the par value of $20,000, were worth only a nominal sum, but that the personal property amounted in value to the sum of $2,489. The evidence before the referee tended to show that the stock and personal property upon the farm, omitted from the administrator's inventory, was of the value of $2,547. The property subsequently realized, after deducting the expenses of the sale at auction, the sum of $646.

On the 27th of February, 1889, an order of reference was made to R. D. Hatch, Esq., to take proof, and to determine as to the necessity of applying the real property of the decedent to the payment of his debts, and the validity thereof, and directing that all persons having claims against said decedent present and prove them before the referee. On the 2d of August, 1889, the referee made his report in which he found that valid and subsisting debts against the decedent, as set forth in his findings, had been established to the amount of $1,545, with interest from the 10th of March, 1889, and that none of said debts are secured by any judgment or mortgage.

Second. That the present administratrix has proceeded with reasonable diligence in converting the personal property into money, and applying it to the debts of the decedent, and that it is insufficient for the payment of the same. Third. That it is necessary to apply the real property of the decedent to the payment of his debts, and that the petitioner is entitled to a decree for the disposition of such real property mentioned in her petition according to the prayer thereof.

Upon the coming in of this report the surrogate was not satisfied, upon the evidence submitted, that due diligence had been exhibited by the administratrix, and the matter was referred back to the referee for proof as to the petitioner's ability to collect the assets of the said Henry Foster Topping, Sr., deceased, and as to such efforts as she may have already made for that purpose. Thereupon the referee made a second report in which he found as conclusions of law that "the administratrix by her counsel and agent has made diligent effort to ascertain the amount of assets belonging to the estate in order to prepare the intermediate account filed by her. Second. That "the administratrix has used reasonable diligence to collect the assets received by said administrator Topping and not applied to the payment of debts." Third. "From the foregoing facts an attempt by the administratrix to collect from her predecessor, Henry Foster Topping, any of the assets for which he is liable would be futile."

Thereupon an order was made by the surrogate overruling the exceptions which had been taken to said report and confirming the same, directing an appraisement of the real estate and ordering that on the coming in of the report of the appraisers a decree issue as prayed for in the petition, etc.; and on the 26th of November, 1890, a final decree was made that the property in question be sold for the purpose of paying the debts alleged to be due from the estate to Richard C. Brown and Janet Kingsland, the petitioner.

From that decree and from the orders of reference herein, and from the order of September 16, 1890, confirming the second report of the referee, George W. Murray, the grantee appeals.

The land mentioned in the petition descended to Henry Foster Topping, Jr., as the heir-at-law of his father, subject only to be defeated or charged with the debts of the intestate in the manner

provided by the statute. (*Covell* v. *Weston*, 20 Johns., 414; *Pierce* v. *Alsop*, 3 Barb. Ch., 184; *Wilson* v. *Wilson*, 13 Barb., 252; *Fonda* v. *Chapman*, 23 Hun, 119.)

The provisions of the Code of Civil Procedure relating to the sale of a decedent's real property for the payment of debts and funeral expenses are contained in title 5 of chapter 18 of the Code of Civil Procedure. Section 2759 provides as follows: " A decree directing the disposition of real property, or of an interest in real property, can be made only where, after due examination, the following facts have been established to the satisfaction of the surrogate.

( 1.) That the proceedings have been in conformity to this title.

( 2.) That the debts, for the payment of which the decree is made, are the debts of the decedent, or are just and reasonable charges for his funeral expenses, and are justly due.

( 3.) That they are not secured by a judgment or mortgage, or expressly charged by the will upon the decedent's real property or interest in real property; or, if a debt is so secured or charged upon a portion of the real property or interest in real property, that the remedies of the creditor, by virtue of that charge or security, have been exhausted.

( 4.) That the property directed to be disposed of was not effectually devised, expressly charged with the payment of debts or funeral expenses, and is not subject to a valid power of sale for the payment thereof; or, if so devised or subject, that it is not practicable to enforce the charge or to execute the power, and that the creditor has effectually relinquished the same.

(5.) That all the personal property of the decedent *which could have been applied to payment of the decedent's debts and funeral expenses has been so applied ;* or that the executors or administrators have proceeded with reasonable diligence in converting the personal property into money and applying it to the payment of those debts and funeral expenses, and that it is insufficient for the payment of the same as established by the decree."

It is contended by the appellant that, under the fifth subdivision of this section, it is necessary for the petitioner to establish that the executor or administrator has proceeded with reasonable diligence in converting the personal property into money and applying it to the payment of the debts and funeral expenses, *and that it is insuffi-*

*cient for the payment of the same as established by the decree.* It is further claimed that, upon the evidence before the referee, it is perfectly apparent that if the first administrator had proceeded with reasonable diligence, much more than sufficient personal property to pay all the debts and funeral expenses of the decedent would have been discovered. This claim proceeds upon the assumption that the present administratrix is bound to show that her predecessor exercised the diligence which would have been required of her if she had been appointed administratrix in the first instance. In this contention we think that the appellant is right.

In *Slocum* v. *English* (62 N. Y., 496), Church, Ch. J., in speaking of an application of this character, says : " The statute commences to run from the date of the original granting of letters of administration, and *not* (in case of a change of administrator) from the time letters were granted *to the administrator who made the sale. An administrator* de bonis non *takes the estate where his predecessor left it ; and in respect to the time of limitation to sell real estate, as well as in most other respects, his administration is a mere continuation of that commenced by the latter. Otherwise the rights of. heirs, devisees, purchasers and creditors would be uncertain and indefinite."*

Upon examining the evidence in the case we are of the opinion that the personal property of the decedent was much more than was sufficient to pay the debts. As before stated, the evidence tends most strongly to show that the personal property upon the Orange county farm was worth the sum of $2,547. The fact that a portion of the property upon the Orange county farm was sold at auction in March, 1886, some months after the death of the decedent, for the net sum of $646, does not, in our opinion, overthrow the force of the testimony of Whitaker as to the value of the whole. Furthermore, the price at which goods are sold at public auction is not conclusive evidence as to their value. It is slight or cogent according to the circumstances, and the sum obtained for a part of the property at an auction sale affords very little evidence of the value of the whole property.

The evidence also shows that the administrator sold the Adgate Rotary Loom Company stock for $1,500. These two items, when

added to the personal property appraised by the appraisers at $2,489, were more than sufficient to have paid the debts of the decedent as developed by the evidence. If, therefore, the present administratrix is bound to show, under the fifth subdivision of section 2759 of the Code of Civil Procedure, that all the personal property which could have been applied to the decedent's debts and funeral expenses has been so applied, or that her predecessor has acted with reasonable diligence in applying the same, and that the personal property is insufficient for the payment of the debts, as established by the decree, we think that she must fail in this proceeding. No attack, so far as the evidence discloses, is made upon the *bona fides* of the sale to the appellant, and in such a case it appears to us the proper procedure would have been, after the first administrator had again come into the jurisdiction of the court, to require him to make an account of his proceedings, as he expressed a willingness to do, and to stay this proceeding until the coming in of that account. (*Estate of Rosenfield*, 10 Civ. Pro. R., 204, per ROLLINS, Surrogate; see, also, *Moser* v. *Cochrane*, 107 N. Y., 35.) The learned surrogate apparently based his decision upon the ground that, even where it was not shown that all the personal property has been applied to the payment of the debts of the decedent, but that reasonable diligence to effect the conversion of the assets into money appears, it is within the discretion of the surrogate to order a sale of the real property. This was so under the Revised Statutes, as amended by the Laws of 1837 (chap. 460, §§ 40, 41 and 42), as was decided in the case of *Moore* v. *Moore* (14 Barb. Sup. Ct. Rep., 27). But the language of section 2759 of the Code of Civil Procedure, as we understand it, does not vest such a discretion in the surrogate, particularly where it appears, as in this case, upon the evidence that the administrator has not proceeded with reasonable diligence, and that the personal estate, instead of being insufficient, was quite sufficient for the payment of the debts. (*Moser* v. *Cochrane*, 107 N. Y., 39.) The surrogate is to be satisfied from the evidence that the facts exist which are stated in the various subdivisions of section 2759; and his decision upon that evidence is, of course, subject to review. It should also be observed that the amount paid to Mr. Gruber for counsel fees appears to have been $400 more than the amount claimed by him. Mr. Gruber states that the services rendered by him were

worth about five hundred and fifty dollars. The amount allowed to him was $950. There is no voucher which shows the payment for these services which will enable the court, under section 2734 of the Code of Civil Procedure, to ascertain whether the charge was a proper one, and we think that at least $400 of it ought not to be allowed in disposing of this proceeding. There are various exceptions in the case as to rulings upon evidence, in regard to requests to find and refusals to find, which, in the view we have taken of it, it will be unnecessary for us to examine. For the reasons already stated, we think that the decree of the surrogate should be reversed and the application of the petitioner for the sale of the decedent's property should be denied, and her petition dismissed with costs.

DANIELS, J., concurred; VAN BRUNT, P. J., dissented.

Decree of surrogate reversed and the application of the petitioner for the sale of the decedent's property denied, and her petition dismissed with costs.