### MYRTLE REALTY CO. v. KALTER et al.

(Supreme Court, Appellate Division, Second Department. March 12, 1909.)

VENDOR AND PURCHASER (§ 126*)—PERFORMANCE OF CONTRACT—DESCRIPTION IN CONVEYANCE OF PROPERTY.

    The purchaser of lots is entitled, on a suit for specific performance, to a deed describing them by metes and bounds, and as in the contract of sale, as known as certain lots in a certain block on a map of the property belonging to vendor.

    [Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 404; Dec. Dig. § 126.*]

Appeal from Special Term, Kings County.

Action by the Myrtle Realty Company, the vendor of real estate, against John Christian Kalter and another, for specific performance. From a judgment for defendants, plaintiff appeals. Affirmed.

The lot is described in the contract as follows:

"Beginning at a point on the southerly side of Edsall avenue distant one hundred (100) feet westerly from the southwesterly corner of Edsall and Anthon avenues; running thence southerly parallel with Anthon avenue one hundred and ninety-seven one-thousandths ($100^{97}/_{1000}$) feet; thence westerly parallel with Edsall avenue forty (40) feet; thence northerly again parallel with Anthon avenue one hundred and ninety-seven one-thousandths ($100^{97}/_{1000}$) feet to the southerly side of Edsall avenue, and thence easterly along the same, forty (40) feet to the point or place of beginning; being known as lots

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

14 and 15 in block 3 on map of property belonging to the Myrtle Realty Company at Ridgewood."

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

Robert H. Wilson, for appellant.

H. C. Underhill, for respondents.

GAYNOR, J.  The plaintiff tendered a deed containing the description contained in the contract, except that it omitted therefrom the words at the end thereof, "being known as lots 14 and 15 in block 3 on map of property belonging, to the Myrtle Realty Company at Ridgewood," and refused to put them in.  The defendant refused to accept the said deed.  These words are in common use out of reasonable caution and sometimes serve a material purpose.  Without mentioning anything else, the street corner point, for instance, from which the starting point is declared in the description to be 100 feet distant, may be different on the map to that apparently established by physical appearances, or established by mistake by the surveyor.  If such an error should develop, and a controversy about a boundary line arise, it might be useful for the defendant to have the description in his deed contain the number of the lots intended to be conveyed.  It should not be decided now that the reference to the lot numbers can never be of advantage to the defendant.  We should not try to foresee what may happen or be discovered in the future.  The defendant is entitled to have these precautionary and proper words of description in his deed, for such is his contract.  The case of Moser v. Cochrane, 107 N. Y. 35, 13 N. E. 442, is not in point.  There the boundaries on each side of the lot were in terms the walls of other houses, so that a mistake or dispute was impossible.

The judgment should be affirmed.

Judgment affirmed, with costs.  All concur.