## LAUTER v. HIRSCH.

(Supreme Court, Appellate Term. March 10, 1910.)

1. ESTATES (§ 1*)—RIGHT OF ALIENATION.

　　Under 1 Rev. St. (1st Ed.) pt. 2, c. 1, tit. 2, § 35, and Real Property Law (Laws 1896, c. 547) § 49 (now Laws 1909, c. 52 [Consol. Laws, c. 50] § 59), making all expectant estates in realty alienable, section 3 (now section 11) authorizing any person seised with an interest in land to transfer it, and Personal Property Law (Laws 1897, c. 417) § 2 (now Laws 1909, c. 45 [Consol. Laws, c. 41] § 11), prohibiting the suspension of the power of alienation of personalty longer than a certain period, and making the rules prescribed as to future estates in realty apply in other respects to personalty, all expectant estates are alienable, whether vested or contingent.

　　[Ed. Note.—For other cases, see Estates, Cent. Dig. § 1; Dec. Dig. § 1.*]

2. REMAINDERS (§ 4½*)—ESTATE—PRESENT INTEREST.

　　Where a will devised the residuary estate, in trust, for testator's widow during life, and upon her death directed that the entire estate, or so much thereof as remained, be divided among testator's children in equal shares, and, should any child die leaving issue, such issue should take the share of the parent, if living, a child had no present interest in the estate during the widow's lifetime, and hence no estate that was alienable and could pass to a receiver.

　　[Ed. Note.—For other cases, see Remainders, Dec. Dig. § 4½.*]

Appeal from City Court of New York, Special Term.

In the matter of proceedings supplementary to execution in the action of Sigmund Lauter against Sendal Hirsch. From an order denying a motion to vacate an order appointing a receiver in such proceedings, defendant debtor appeals. Order reversed, and motion granted.

Argued before SEABURY, GUY, and WHITNEY, JJ.

Strauss & Anderson (Charles Strauss and Eugene D. Boyer, of counsel), for appellant.

Ellis L. Aldrich, for respondent.

PER CURIAM. It is conceded that there is no property which would justify the appointment of the receiver, except an interest under the will of the appellant's deceased father, who died, February 3, 1909, leaving a widow, who is still living, and six children. The residuary estate is left to the executors in trust for the widow during her life. The will then proceeds as follows:

"And upon her death, I direct that my said entire estate, or as much thereof as shall remain, be divided among all my children in equal shares, and should any of my children die, leaving issue surviving such issue shall take the share the parent would have taken if living."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The case has been argued as if the question involved were whether the appellant had a vested or contingent interest in the property. This is a common, but not strictly accurate, use of words. Ever since the Revised Statutes, at least, all expectant estates have been alienable, whether vested or contingent. 1 Rev. St. p. 725, § 35; Real Property Law (Laws 1896, c. 547) § 49; Laws 1909, c. 52 (Consol. Laws, c. 50) § 11; Personal Property Law (Laws 1897, c. 417) § 2; Laws 1909, c. 45 (Consol. Laws, c. 41) § 11; Moore v. Littel, 41 N. Y. 66, 83–86; Dodge v. Stevens, 105 N. Y. 585, 588, 12 N. E. 759; Griffin v. Shepard, 124 N. Y. 70, 26 N. E. 339; Roosa v. Harrington, 171 N. Y. 341, 353, 64 N. E. 1.

The real question is whether appellant has any present interest at all, whether vested or contingent. Upon this question we have the highest authority for saying that the cases are not at all in harmony. Connelly v. O'Brien, 166 N. Y. 406, 409, 60 N. E. 20. We incline to the opinion that they preponderate in favor of the position that he has no present interest. · Matter of Crane, 164 N. Y. 71, 58 N. E. 47; Dougherty v. Thompson, 167 N. Y. 472, 60 N. E. 760; Matter of Keogh, 47 Misc. Rep. 37, 95 N. Y. Supp. 191; Id., 112 App. Div. 414, 98 N. Y. Supp. 433; Id., 186 N. Y. 544, 79 N. E. 1109. If this opinion is correct, he has no estate that is alienable, and therefore none that would pass to the receiver or trustee. In re Hoadley (D. C.) 101 Fed. 233, and cases cited; In re Gardner (D. C.) 106 Fed. 670. The testamentary provision under consideration in the latter case was closely similar to the one which we have here.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs.