SARAH ELIZABETH GRIFFIN, Appellant, *v.* CHARLES D. SHEPARD et al., Respondents.

C., by his will, devised one-third of his real estate to his son J., one-third to his son J. C., and the remaining other third to J. C., provided that he should survive his wife or should have a lawful child who should live to the age of twenty-one; in case neither of these events happened, then he gave the said one-third to J. J. deeded all his estate, right and interest in certain premises of which the testator died seized to J. C.; the latter died before his wife, and he had no child who lived to the age of twenty-one. In an action of ejectment, *held*, that J. had a future expectant estate in the one-third, not absolutely devised to him or his brother, which was alienable, and that this estate, with the one-third absolutely devised to him, was conveyed by his deed to J. C. (1 R. S. 723, § 10, 725, § 35.)

Reported below, 40 Hun, 345.

(Argued December 3, 1890; decided January 14, 1891.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, entered upon an order made May 11, 1886, which reversed a judgment in favor of plaintiff entered upon a decision of the court on trial without a jury and granted a new trial.

This was an action of ejectment. Defendant Shepard claimed the premises in question as owner, and defendant Cornell claimed a right of possession as tenant under said Shepard.

The action relates to a tract of land in the town of Scarsdale in the county of Westchester, which was part of a tract of land owned, at the time of his death by Stephen Griffin. Griffin died October 18, 1847, leaving his widow (who died in October, 1860), his sons Joseph and John C. Griffin and other children. He left a will, which was dated September 9, 1847, and was proved before the surrogate of Westchester county December 20, 1847, whereby he devised his real estate to his said sons Joseph and John C. Griffin in the following language : " I give, devise and bequeath unto my son Joseph Griffin, one third of all my estate, real and personal to hold to him, the said Joseph Griffin, his heirs and assigns forever; provided my son John C. Griffin shall survive his present wife Deborah L. Griffin, then in

that case I give, devise and bequeath unto my said son John C. Griffin, the remaining two-thirds of all my estate real and personal to hold to him, the said John C. Griffin, his heirs and assigns forever. Or provided that my said son John C. Griffin shall have a lawful child by his, the said John C. Griffin's, lawful wife, and the said child shall live to the age of twenty-one years, then in that case I give, devise and bequeath unto my said son John C. Griffin the said two-thirds of all my estate real and personal, to hold to him, the said John C. Griffin, his heirs and assigns forever.

" But provided that if my said son John C. Griffin, shall die leaving his present wife Deborah L. Griffin, as survivor, then in that case I give, devise and bequeath unto my said son John C. Griffin, one-third only of all my estate real and personal, to hold to him the said John C. Griffin, his heirs and assigns forever. And the remaining one-third of all my estate real and personal, I give, devise and bequeath unto my aforesaid son, Joseph Griffin, to hold to him, the said Joseph Griffin, his heirs and assigns forever."

No question has been made that by this will one-third of the real estate (including the premises in question) was vested absolutely in Joseph Griffin and one-third in John C. Griffin. The only controversy in this action relates to the remaining one-third.

The findings of the trial court show that John C. did not have a child who lived to the age of twenty-one years, and that he did not survive his said wife Deborah, and also, that after the death of Stephen Griffin, said Joseph and his wife executed to John C., for an expressed consideration of $1, a deed dated February 6, 1851, which was duly recorded February 12, 1851, whereby they did "remise, release and quit-claim, unto the said party of the second part and to his heirs and assigns forever " the premises in question, " and also all the estate, right, title, interest, property possession, claim and demand whatsoever, as well in law as in equity, of the said parties of the first part, of, in or to the above-described premises."

Afterward, and on the 15th of September, 1864, said Joseph executed to said John C. a deed which was duly recorded October 15, 1864, whereby he did, for an expressed consideration of $1, " bargain, sell and quit-claim unto the said John C. Griffin and to his heirs and assigns forever all my right, title, interest, estate, claim and demand, both at law and in equity, and as well in possession as in expectancy of, in and to all that certain parcel of land situated in the town, county and state aforesaid, being an estate which has heretofore been quit-claimed by me to said John C. Griffin, a part of which was given under my hand and seal the 6th day of February, in the year 1851," describing the land conveyed including the premises in question.

Further facts appear in the opinion.

*William Romer* for appellant. The testator devised an undivided one-third of his farm to his son, Joseph Griffin, and an undivided one-third thereof to his son, John C. Griffin. The conveyance made by John C. Griffin and Joseph Griffin to each other, conveyed each the undivided one-third part of said land, only devised as aforesaid, and held by them as tenants in common. Neither John C. Griffin nor Joseph Griffin had an estate in the remaining undivided one-third, or any interest therein which they could alienate. They had therein only a naked possibility not coupled with an interest, which could not be alienated either at common law or by the Revised Statutes. (4 Kent's Comm. 262 ; *Jackson* v. *Waldron*, 13 Wend. 178 ; *Pelletreau* v. *Jackson*, 11 id. 123 ; 2 R. S. chap. 1, § 7.) The estate conveyed by the will of Stephen Griffin to John C. Griffin or Joseph Griffin, as to the remaining one-third was not a future contingent estate in expectancy. (3 R. S. art. 1, tit. 2, chap. 1, § 8 ; *Moore* v. *Littell*, 41 N. Y. 91–94.) The interests of John C. and Joseph Griffin, as to two-thirds of the estate, were those of executory devises. (2 Washb. on Real. Prop. 367, 569, 666 ; 4 Kent's Comm. 262 ; 4 Paige, 293 ; *Hennessey* v. *Patterson*, 85 N. Y. 98.) The conditions mentioned in the will of Stephen Griffin as to the vesting of the remaining two-thirds, after devise to Joseph, were conditions

precedent. (*Coster* v. *Butler*, 63 How. Pr. 311; 11 Wend. 259; *Bushnell* v. *Carpenter*, 92 N. Y. 270; *Vincent* v. *Newhouse*, 83 id. 505; *Shipman* v. *Rollins*, 98 id. 311; *Kenyon* v. *See*, 94 id. 563; *Dunning* v. *Kettell*, 29 Alb. L. J. 57; *Loder* v. *Hatfield*, 71 N. Y. 92.) The deeds from Joseph Griffin to John C. Griffin were void as to this undivided one-third interest. There was no ascertained person who could take a valid assignment of the executory devise. (2 Washb. on Real Prop. [3d. ed.] 565, 663; 2 Prest. Com. 276; Smith on Real Prop. 248; *Pond* v. *Bergh*, 10 Paige Ch. 141; *Williamson* v. *Field*, 2 Sand. Ch. 533; *Grout* v. *Townsend*, 2 Den. 336; *Post* v. *Post*, 47 N. Y. 42; *Miller* v. *Emans*, 19 id. 384; *Moore* v. *Littel*, 41 id. 66; *Jackson* v. *Winslow*, 9 Cow. 1; *McCrackin* v. *Wright*, 14 Johns. 194; *Jackson* v. *Hubbell*, 1 Cow. 613.) As against a remainderman there cannot be an adverse possession. (3 Washb. on Real Prop. 132, chap. 2, §§ 7–30; 16 Pick. 137; 17 id. 255; *Coleman* v. *M. B. I. Co.*, 94 N. Y. 229; *Stevens* v. *Hauser*, 39 id. 302; *In re Dep*. *of Parks*, 73 id. 560; *Hallas* v. *Bell*, 53 Barb. 247; *Calver* v. *Rhodes*, 87 N. Y. 348; 73 id. 360; 72 id. 94; 79 id. 390; *Crary* v. *Goodman*, 22 id. 170; *Thompson* v. *Mayor, etc.*, 12 id. 115; *Clark* v. *Hughes*, 13 Barb. 147; 2 R. S. 691, § 167.)

*Sidney Ward* for respondents. In an action of ejectment the plaintiff must recover upon the strength of his own title, and he cannot rely on any supposed or actual weakness of his adversary's title. (*Roberts* v. *Baumgarten*, 110 N. Y. 380, 385.) Plaintiff is barred by the deeds from Joseph to John C. Griffin. (*Moore* v. *Littel*, 41 N. Y. 66; *Ham* v. *Van Orden*, 84 id. 257, 270; *Hennessy* v. *Patterson*, 85 id. 91, 101, 103; *Beardsley* v. *Hotchkiss*, 96 id. 201; *Nellis* v. *Nellis*, 99 id. 505, 516; *In re N. Y., L. & W. R. Co.*, 105 id. 89, 96; 4 Kent's Comm. 272; *Roe* v. *Vingut*, 117 N. Y. 204, 211, 212; *Miller* v. *Emans*, 19 id. 384; *Everitt* v. *Everitt*, 29 id. 39, 77, 78; *Field* v. *Mayor, etc.*, 6 id. 179; *Williams* v. *Ingersoll*, 39 id. 508; Story's Eq. Juris. § 1040.) Any defect which affects the deeds from Joseph Griffin affects also the

title of the plaintiff, and she, therefore, cannot recover. (*Hennessy* v. *Patterson*, 85 N. Y. 91.) The deed to plaintiff and also the deed to her grantor, were both made while the land was in adverse possession, and were, therefore, both void, and the plaintiff cannot maintain this action. (2 R. S. chap. 1, § 147; *Sands* v. *Hughes*, 53 N. Y. 287, 295; *Towle* v. *Remsen*, 70 id. 303; *Crary* v. *Goodman*, 22 id. 170; *Jackson* v. *Dumont*, 9 Johns. 55; *Chamberlain* v. *Taylor*, 92 N. Y. 348.)

POTTER, J. No question is made that Joseph Griffin and John C. Griffin, the sons of Stephen Griffin, each derived title under the will of the latter to one equal undivided third part of the premises described in the complaint. The contention is in relation to the title of the remaining third, and that depends upon the validity and effect to be given to the deed of quitclaim from Joseph to John C. Griffin, on the 6th day of February, 1851, and the deed confirmatory of that deed from Joseph to John C. Griffin, bearing date September 15, 1864. If those deeds, one or both, are valid and effectual, the defendants, who claim under John C., are entitled to the premises, but if not valid and effectual, the plaintiff claims to be entitled to one undivided third part of said premises, or, in other words, the question in controversy is, which of the parties to this action is entitled to the disputed one undivided third part of the premises; for the plaintiff's contention is to the effect that the deed from Joseph to John C. was void, and that the title to that one undivided third remained in Joseph, to which plaintiff has succeeded. Joseph Griffin assumed to convey his estate, or interest in the premises in question, to John C. Were his deeds effectual for that purpose?

By the terms of the will, Stephen Griffin, the testator, devised this one-third to John C. in fee in either of two events, viz., that John C. should survive his then wife Deborah, or should have a child by his wife Deborah, who should live until it attained the age of twenty-one years, but if neither of these events should transpire, then this one-third should go to Joseph

Griffin, his heirs and assigns forever. Neither event trans-
pired. John C. did not survive his wife Deborah, and did not.
have by his wife Deborah a child that lived till it was twenty-
one years of age. Joseph Griffin died in 1868, and devised
all his estate to his son, his only heir, Richard H. W. Griffin.
John C. Griffin died in 1873, leaving no children, and devis-
ing his estate, subject to a legacy of $2,000, to his adopted
daughter, the income of the remainder of his estate to his wife:
for life, and also to his wife one-half of such remainder in fee,.
and the defendants have succeeded to the estate so devised.

What estate did Joseph Griffin take in the disputed one-
third? Under the will of Stephen, this one-third went to.
John C. until it was determined that his wife Deborah did not·
survive him, or that they should not have a child, who should.
live till it was twenty-one years of age. Deborah did survive
John C., who died in 1873. His death before the death of
Deborah determined one contingency. The other contingency
was also determined certainly within the year succeeding the
year 1873, and probably several years before that.

The contention upon the part of plaintiff is that the interest
or estate of Joseph was a mere possibility, and so not alien-
able. The contention of the defendants is that the estate of·
Joseph was an expectant estate and so alienable under sec. 35,
ch. 1, title 2, part 2, R. S., which provides that "expectant
estates are descendible, devisable and alienable in the same
manner as estate in possession." (*Lawrence* v. *Bayard,* 7
Paige, 76; *Pond* v. *Bergh,* 10 id. 140; *Beardsley* v. *Hotch-
kiss,* 96 N. Y. 201, 213, 214; *Crooke* v. *County of Kings,* 97
id. 421, 449; *Ham* v. *Van Orden,* 84 id. 257, 270; *Miller* v.
*Emans,* 19 id. 384.)

The question for solution, therefore, is, what was the char-
acter of the estate in this one-third devised to Joseph upon the·
failure of these contingencies to occur?

The chapter of the Revised Statutes above referred to con-
tains the definitions and nomenclature of the various estates in
land. "An estate in expectancy is where the right to the pos-
session is postponed to a future period." (§ 8, R. S. *supra ;*

*Ham* v. *Van Orden*, 84 N. Y. 257.) Judge DANFORTH in the opinion in that case, says: "It does not seem necessary to determine whether an interest at once vested in her, or whether time and the happening of the specified event were of the substance of the gift, and prevented it from vesting until the event happened. In either case she acquired an interest (R. S. 723, art. 1, tit. 2, part 2, chap. 1, § 10), although the right to possession was postponed to a future period and depended upon the contingency of the death of Wessel without children. This did not prevent the creation of the estate, but rendered it liable to be defeated. (Art. 1, chap. 1, tit. 2, part 2, vol. 1, R. S. 725, § 31.) It was an estate in expectancy (§ 9, p. 725, id.), however, and could not be destroyed by any alienation, or other act of Wessel or his trustee (§ 32, id.), and upon his death, without children, would become absolute in the plaintiff. It was, therefore, alienable by her to the same extent as if in possession (§ 35, id.), and whether it be deemed vested or contingent." (*Moore* v. *Littel*, 41 N. Y. 66; *Crooke* v. *County of Kings*, 97 id. 421; *Hennessy* v. *Patterson*, 85 id. 91; *Nellis* v. *Nellis*, 99 id. 505.)

And estates in expectancy are divided into future estates and reversions. (§ 10, R. S. *supra*.) "A future estate is an estate limited to commence in possession at a future day, either without the intervention of a precedent estate, or on the determination by lapse of time or otherwise, of a precedent estate created at the same time." (*Crooke* v. *County of Kings*, 97 N. Y. 449.) "Future estates are either vested or contingent. They are vested when there is a person in being who would have an immediate right to the possession of the lands upon the ceasing of the intermediate or precedent estate. They are contingent when the person to whom or the event upon which they are limited to take effect remains uncertain." (§ 13; 97 N. Y. *supra; Beardsley* v. *Hotchkiss*, 96 id. 203–214.)

From these definitions and characteristics of estates it follows that John C. had an estate in possession and in fee until the happening of at least one of the events specified in the will of Stephen; and Joseph also had a future expectant

estate in the same one-third if said events or contingencies should not happen, and the estates of both of them were created at the same time and under the will of Stephen, their father. (§ 10, R. S. *supra.*)

Joseph and John C. together owned an estate in fee, and could, at the time of the execution of the deeds from Joseph to John, together have conveyed to a third person a present estate of inheritance, and it seems to us very clear that what each of them might have conveyed to a third person, he might convey to the other and with the same result, viz., an estate of inheritance. I do not perceive upon what theory the trial court awarded a recovery to the plaintiff of the undivided half of the premises. Assuredly the deed from Joseph to John C. conveyed the one-third which was devised to Joseph in fee. But this consideration is of no moment, nor is there any occasion to consider any other question, having reached the result that the disputed one-third was alienable and was conveyed by Joseph Griffin to John C.

The order should be affirmed and judgment absolute with costs should be awarded to defendants.

All concur.

Order affirmed and judgment absolute for defendants.