# Cases

JAMES H. MULLARKY, as Trustee under the Will of JAMES SULLIVAN, Deceased, Respondent, *v.* JAMES SULLIVAN and Others, Appellants, Impleaded with Others, Defendants.

*Devise* — "*surviving brothers and sisters*" — *when it includes the children of one deceased — the law does not favor the exclusion of the issue of a deceased child.*

A testator, by his will, directed that his residuary estate should be divided into six equal parts, and that the income should be applied to the use of each of his six children during the life of each. Upon the death of a child, leaving descendants, they were to take the share set apart for their parent. If any child should die without leaving descendants, then his executors were directed "to pay over the capital of such child's share to his or her surviving brothers and sisters."

One child died after the testator leaving children. Two died without leaving children.

In an action brought for the construction of the will:

*Held*, that, upon the death of those children who died without issue, their shares went to the surviving children.

That the children of the child who died leaving issue were entitled to participate in those shares.

That the "death" of a child meant a death subsequent to that of the testator.

That a construction should, if possible, be given to the will which would not exclude the issue of a deceased child.

Appeal by the defendants, James Sullivan, Richard Sullivan and Agnes McHugh, from a judgment of the Supreme Court, entered, after a trial by the court at the Kings County Special Term, in the

office of the clerk of the county of Kings on the 29th day of September, 1891, construing the will of one James Sullivan to the effect that, upon the death of either of his children without descendants, the share or portion of the testator's estate theretofore, and during his or her life, held in trust for such child, should be divided between the brothers and sisters of such child living at the time of the death of such child, and the descendants of any deceased brother or sister.

*William J. Gaynor*, for the appellants.

*William N. Dykman*, for the plaintiff, respondent.

*Johnson & Lamb*, for the defendant Mullarky, respondent.

BARNARD, P. J. :

The testator, James Sullivan, directed a remainder of his estate to be divided into six equal parts, and the income applied to the use of each of six children during each of their lives. Upon the death of a child leaving descendants, the descendants were to take the share set apart for their parent. If any child should die without leaving descendants, " then to pay over the capital of such child's share to his or her surviving brothers and sisters." One of the children of testator has died since his death leaving children. Two have died without leaving descendants. The question presented is whether the capital set apart for the use of Frances Sullivan, one of the daughters of the deceased, for life, shall go to her surviving brothers and sisters, excluding the children of Mary Ann Mullarky, deceased, or whether her children shall participate in the distribution the same as their mother would if living at the death of Frances Sullivan. The intent of the testator was manifestly that the children of a deceased child should take under the words "surviving brothers and sisters." The will provides for the contingency of a child dying before the testator, and the children of a deceased child were to take the dead parent's share. In the fifth, sixth and seventh articles of the second codicil, the rights of the children of a deceased child are preserved to property therein mentioned. While the testator so carefully provided in other clauses of the will for the deceased child's right to take, it may be fairly deemed his intent to put them on an equality with the deceased parent in considering the clause in question. If

a child had died, leaving children, before the testator, he or his children would take in place of the parent. The deaths subsequently referred to are not those to happen before testator's death, but afterwards. The estate vested, however, at his death. It is quite immaterial whether it was an estate in expectancy or one which was vested. The surviving children all take a life use in the sixth, with right to take a share of a child who should die without children. The estate would then become absolute in the survivors, including the children of a dead child. (*Griffin* v. *Shephard*, 124 N. Y., 70 ; *Ham* v. *Van Orden*, 84 id., 257.) A construction should be followed which will not exclude the issue of a deceased child. (*Matter of Brown*, 93 N. Y., 295 ; *Matter of Mahan*, 98 id., 372.)

In the case of *Patchen* v. *Patchen* (121 N. Y., 432), the distribution was to persons who were living at the end of the life estate. No such words are contained in this will. Surviving children include the child of a dead child.

The judgment should, therefore, be affirmed, with costs.

PRATT, J., concurred.

Judgment affirmed, with costs.