FERNANDO BALTES, as Executor of EDMUND WARING, Deceased, Appellant, v. UNION TRUST COMPANY OF NEW YORK, Respondent.

TRUST. Where an agreement creating a trust in personalty provides for the payment of an annuity to the truster and upon his death, for a division of the *corpus* between his son and daughter, and after the death of the son, who was the trustee, he agrees with a substituted trustee that in consideration of the annuity being provided for in another manner, the latter may divide the *corpus* between his daughter and his son's widow, which was done, and subsequently the daughter predeceases him, assuming that the original direction for the division of the *corpus* between the children was contingent upon their surviving him and that he had an interest therein as remainderman and also assuming that the trust was indestructible under the statute (1 R. S. 730, § 65), nevertheless his interest was disposed of by his substituted agreement, which, while it could not affect or destroy his rights as life tenant, could and did dispose of any interest he may have had as remainderman and, therefore, upon his death his executor has no interest in the *corpus*.
Baltes v. *Union Trust Co.*, 74 App. Div. 630, affirmed.

(Argued December 8, 1904; decided December 30, 1904.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered August 6, 1902, affirming a judgment in favor of defendant entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles Haldane* and *Edward K. Jones* for appellant. The agreement of February 19, 1887, whereby the parties agreed to distribute the trust property is absolutely void. (*N. Y. L. Ins. & Trust Co.* v. *Hoyt*, 161 N. Y. 1 ; *Hone* v. *Schaick*, 7 Paige, 234 ; *L'Amoureux* v. *Van Rensselaer*, 1 Barb. Ch. 34 ; *Vail* v. *Vail*, 7 Barb. 235 ; *Cruger* v. *Jones*, 18 Barb. 467 ; *Learned* v. *Tallmadge*, 26 Barb. 443 ; *Post* v. *Hoover*, 39 Barb. 321 ; *Lahens* v. *Dupasseur*, 56 Barb. 266 ; *Priessinger* v. *Sharp*, 27 J. &-S. 375 ; *Greer* v. *Chester*, 62 Hun, 329 ; *Raymond* v. *Rochester Trust Co.*, 75 Hun, 239.)

*Wheeler H. Peckham* for respondent. The agreement of February 19, 1887, is valid and effective. (*Ham* v. *Van Orden*, 84 N. Y. 257; *Griffin* v. *Shepard*, 124 N. Y. 70; *Hennessy* v. *Patterson*, 85 N. Y. 91; *Knowlton* v. *Atkins*, 134 N. Y. 318; *Miller* v. *Emans*, 19 N. Y. 385; *Belmont* v. *O'Brien*, 12 N. Y. 394; *Crookes* v. *County of Kings*, 97 N. Y. 446; 4 Kent's Com. 303, 304; 1 Perry on Trusts, §§ 386, 386a; 2 Perry on Trusts, § 920; Fowler's Real Prop. Law, 285.) There was no reversion either in William or Edmund, and under the instrument of March 16, 1881, the whole estate in the personal property was vested in William and Katharine subject to the execution of the trust in favor of Edmund for his annuity of $4,800. (*Campbell* v. *Stokes*, 142 N. Y. 23; *Aldridge* v. *Aldridge*, 43 App. Div. 411; *Canfield* v. *Fallon*, 43 App. Div. 561; *Matter of Seaman*, 147 N. Y. 69; *Matter of Langdon*, 153 N. Y. 9; *Matter of Green*, 153 N. Y. 128; *Matter of Young*, 145 N. Y. 535; *Matter of Brown*, 154 N. Y. 313; *Hersee* v. *Simpson*, 154 N. Y. 496; *Bowen* v. *Chase*, 94 U. S. 812; 98 U. S. 254; *Goebel* v. *Wolf*, 113 N. Y. 405; *Murtha* v. *Wilcox*, 47 App. Div. 526; *Matter of Harbeck*, 161 N. Y. 211.) Even if Edmund Waring or his executor could have any estate in the half that would have gone to Mrs. Secor had she survived him, plaintiff has suffered no injury, for the identical property was delivered to Mrs. Secor, and on her death, under her will, went to and is now in the possession of her children, the very persons to whom it was devised by the will of Edmund Waring. (*Chrichton* v. *Chrichton*, L. R. [2 Ch. 1895] 853; *Kirk* v. *Kirk*, 137 N. Y. 514.)

Cullen, Ch. J. Though this case was argued before us with great elaboration we think there is a conclusive objection to the maintenance of the action which renders it necessary to discuss only that single point. The claim of the plaintiff is that his testator, one Edmund Waring, on the 16th day of March, 1881, transferred certain securities to his son, William E. Waring, in trust to collect the income thereon and pay

therefrom to said Edmund Waring the sum of $4,800 annually, the surplus income to be divided equally between the grantor's two children, said William E. Waring and Katharine G. Secor, and upon the death of said Edmund Waring to distribute the principal or *corpus* between said children. The defendant denies that the trust estate proceeded from Edmund, and the trial court so held, but it is not necessary to enter into an inquiry on that subject.. The trust was evidenced by a declaration signed by Edmund Waring, Katharine G. Secor and William E. Waring. William E. Waring died October 13th, 1882, leaving a will by which he bequeathed all his estate to his widow, Fredericka. After his death the defendant was appointed trustee to carry out the trust declared in the instrument hereinbefore referred to. Fredericka, the widow of William, refused to surrender the trust securities to the defendant, claiming that the property belonged to her testator, and that the instrument created no trust but simply a personal covenant on the part of said William to make certain annual payments. Thereupon the defendant brought an action in replevin against said Fredericka and recovered possession of the trust securities. After that, on February 18, 1887, Edmund Waring, Katharine G. Secor, Fredericka W. Waring and the defendant entered into an agreement under their hands and seals which, after reciting the litigation between the parties and a desire that the same should be terminated and that the trust property should be forthwith divided between Katharine Secor and Fredericka Waring, provided that the burden of the annual payments to Edmund Waring should be transferred from the personalty, held in trust as before mentioned, to the income of certain real estate held under a substantially similar trust, and that said personal property and securities, after deducting therefrom certain amounts necessary to defray the expenses of the litigation, should be paid over to said Fredericka and Katharine, share and share alike. Acting under this deed the defendant did transfer the trust estate to Katharine and Fredericka. The annuity provided for by the original trust agreement was paid

to Edmund Waring during his life, or at least no claim is made in this action for any arrears of that annuity. Katharine Secor died March 9th, 1892, leaving children and grandchildren. Edmund Waring, the plaintiff's testator, died August 15th, 1895, leaving a will by which he bequeathed his property to Katharine Secor if she survived him, or if she died before him, then to her children.

The plaintiff's contention is that under the original trust agreement the direction to divide the *corpus* of the trust estate on Edmund's death between his two children was contingent upon such children surviving him, and that as both said children predeceased him the *corpus* on his own death reverted to his estate as undisposed of by the trust deed. We will assume, but for the argument only, that such is the proper construction of the trust deed. The plaintiff then further contends that the deed of 1887 was inoperative and void, because the trust was indestructible under our statutes and constituted no justification for the defendant's surrender and distribution of the trust estate. Assuming that the trust in favor of the plaintiff's testator was indestructible (See, however, *Schenck* v. *Barnes*, 156 N. Y. 316), and that the case falls within the provision of the statute, "where the trust shall be expressed in the instrument creating the estate, every sale, conveyance or other act of the trustees in contravention of the trust, shall be absolutely void" (1 R. S. 730, sec. 65), we cannot see how that principle in any way limits or qualifies the effect of the deed of 1887 over the *corpus* of the estate or the remainder therein after the death of Edmund Waring. If the trust was indestructible it was so because under our statute the interest of Edmund in the trust income or annuity was inalienable. The estate of the trustee was limited to the life of the annuitant Edmund Waring. The trustee, like every life tenant, was doubtless bound to preserve the trust estate in its possession for the benefit of those entitled to it upon the expiration of the trust but not at all as against such remaindermen. It was only the interest of Edmund as equitable life tenant that was inalienable. The

remainder after his death in whomsoever it was vested was alienable, devisable and descendible the same as any other interest in property. (*Sheridan* v. *House*, 4 Keyes, 569 ; *Moore* v. *Littel*, 41 N. Y. 66 ; *Griffin* v. *Shepard*, 124 N. Y. 70.) Assuming that the action of the defendant was a spoliation of the trust, against whom was it such a spoliation ? Possibly against Edmund Waring as equitable life tenant, but not against Edmund Waring as remainderman, for he, under his hand and seal, expressly assented to the distribution. It is merely the accident of this particular case that the beneficiary of the trust and the owner of the remainder were the same person. The right of that person to dispose of the remainder or reversion was not in any respect limited or qualified by the fact that he was also the beneficiary of the trust. He stood towards that remainder exactly the same as Mrs. Secor. No one will contend that if Mrs. Secor had survived her father she could have required the trustee on that occurrence to again pay over to her her share of the trust estate on the ground that the original payment to her by the trustee was in contravention of its duty. The situation of Edmund as reversioner is exactly the same. Though the *corpus* was not paid directly to him, it was paid in accordance with his directions. The case of *Douglas* v. *Cruger* (80 N. Y. 15) is in precise point on this question. There was a trust in lands for a woman during coverture, remainder to her if she survived her husband. The trustee conveyed the property to the *cestui que trust*, who thereafter mortgaged the same. It was held that while the mortgage was void as to the trust term, it was a valid lien on the remainder. (See, also, *Ham* v. *Van Orden*, 84 N. Y. 257.)

The judgment appealed from should be affirmed, with costs.

GRAY, O'BRIEN, BARTLETT, HAIGHT, MARTIN and VANN, JJ., concur.

Judgment affirmed.