CHARLES W. CLOWE, as Trustee in Bankruptcy of ELIZA-
BETH S. C. SEAVEY, Respondent, v. ELIZABETH S. C.
SEAVEY et al., Appellants.

Bankruptcy — illegal transfer of expectant estate in fraud of
creditors — when trustee in bankrupty entitled to have such
transfer set aside although transferee did not participate in
the fraud — when expectant estates are alienable.

1. A person cannot successfully put his property beyond the
reach of his creditors by a transfer which secures it to himself and
his children, even though the transferee may have the best of
motives and be ignorant of the fraudulent intent.

2. Contingent interests may be such that the interest or estate is
not transmissible, descendible or devisable, but so far as the nature
of the contingency admits, all expectant estates are descendible,
devisable and alienable. Future contingent interests in personal
property are alienable, the same as contingent remainders in real
property (Real Prop. Law, Cons. Laws, ch. 50, §§ 36, 40 and 59), and
such an interest passes to a trustee in bankruptcy. (*Moore* v.
*Littel*, 41 N. Y. 66, followed.)

*Clowe* v. *Seavey*, 151 App. Div. 912, affirmed.

(Argued May 15, 1913; decided June 3, 1913.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the third judicial department,
entered May 31, 1912, affirming a judgment in favor of
plaintiff entered upon a decision of the court at a Trial
Term without a jury.

The nature of the action and the facts, so far as
material, are stated in the opinion.

*Henry J. Hemmens* and *Thomas H. Beardsley* for appel-
lants. Defendant Elizabeth S. C. Seavey, the bankrupt,
under the will of her grandfather, William H. Clement,
deceased, possesses a possibility not coupled with an
interest. She does not possess an expectant estate, nor a
beneficial interest. (*Hamlin* v. *Osgood*, 1 Redf. 409;
*Clark* v. *Cammann*, 160 N. Y. 316; *Matter of Baer*, 147
N. Y. 348; *Lewisohn* v. *Henry*, 179 N. Y. 352; *Matter*

*of Crane,* 164 N. Y. 71; *Salter* v. *Drowne,* 205 N. Y. 204; *Hall* v. *La France Fire Eng. Co.,* 158 N. Y. 570; *Fargo* v. *Squiers,* 154 N. Y. 250; *McGillis* v. *McGillis,* 154 N. Y. 532; *Cochrane* v. *Schell,* 140 N. Y. 516; *Striker* v. *Mott,* 28 N. Y. 82.) The bankrupt's chance or possibility of inheritance under the will of William H. Clement, deceased, is not property capable of transfer or sale under judicial process. The trustee in bankruptcy takes no title thereto and has no standing to bring this action. (*Edwards* v. *Varick,* 5 Den. 665; *Stover* v. *Eycleshimer,* 46 Barb. 84; *Matter of Stevens,* 64 N. Y. Supp. 990; *Johnson* v. *Williams,* 63 How. Pr. 233; *Field* v. *Mayor,* 6 N. Y. 179; *Pelletreau* v. *Jackson,* 11 Wend. 110; *Jackson* v. *Waldron,* 13 Wend. 178; *Robinson* v. *N. Y. Life Ins. & Trust Co.,* 75 Misc. Rep. 361; *Lampett's Case,* 10 Coke, 46; *Manning's Case,* 8 Coke, 187.) The assignee Mary E. Seavey was an innocent purchaser for value. The assignment should not, therefore, have been set aside. (*Elterman* v. *Hyman,* 192 N. Y. 113, 117; *City of Buffalo* v. *D., L. & W. R. R. Co.,* 190 N. Y. 84; *Nicoll* v. *Tracey,* 184 N. Y. 386, 390; *Israel* v. *Manhattan Ry. Co.,* 158 N. Y. 624; *Kerker* v. *Levy,* 140 App. Div. 428; *Willis* v. *Willis,* 79 App. Div. 9; *De Hierapolis* v. *Reilly,* 44 App. Div. 22; 168 N. Y. 585; *Greenwald* v. *Wales,* 174 N. Y. 140; *Waterbury* v. *Sturtevant,* 18 Wend. 363; *Dudley* v. *Danforth,* 61 N. Y. 626; *Stearns* v. *Gage,* 79 N. Y. 102; *Starin* v. *Kelly,* 88 N. Y. 418; *Billings* v. *Russell,* 101 N. Y. 226, 243; *Bush* v. *Roberts,* 111 N. Y. 278; *Hines* v. *Bowe,* 114 N. Y. 350; *Knower* v. *C. N. Bank,* 124 N. Y. 552, 560.)

*Edgar T. Brackett, William E. Bennett* and *Hiram C. Todd* for respondent. The interest of the defendant Elizabeth S. C. Seavey in the estate of her grandfather, William H. Clement, deceased, constituted property.

32

Subject to the life estate of her father and mother and their two children, of which she was one, she had an undivided one-half of the corpus of the trust, her interest being either vested or contingent. For the purposes of this point it is not very material whether such interest was vested or contingent. In either case it was property and her conveyance on the 19th of November, 1908, to her mother-in-law, the defendant Mary E. Seavey, constituted a transfer of property. (*Nat. Park Bank* v. *Billings*, 144 App. Div. 536; *Smith* v. *Edwards*, 88 N. Y., 92; Jarman on Wills [5th Am. ed.], § 837; *Moore* v. *Littel*, 41 N. Y. 66; *Beardsley* v. *Hotchkiss*, 96 N. Y. 201; *Crooke* v. *County of Kings*, 97 N. Y. 421; *Dodge* v. *Stevens*, 105 N. Y. 585; *New York Life Ins. &·Trust Co.* v. *Cary*, 191 N. Y. 33.) Such interest of the defendant Elizabeth S. C. Seavey in her grandfather's estate was a vested one — vested in her and in her brother, Henry S. Clement, Jr., the enjoyment only being postponed until the death of their father, Henry S. Clement, Sr., and his wife, Julia Y. Clement. (*Roosa* v. *Harrington*, 171 N. Y. 341; *Lytle* v. *Beveridge*, 58 N. Y. 592; *Miller* v. *Von Schwarzenstein*, 51 App. Div. 18; *Manice* v. *Manice*, 43 N. Y. 303; *Embury* v. *Sheldon*, 68 N. Y. 227; *Thomson* v. *Hill*, 87 Hun, 111; *Hersee* v. *Simpson*, 154 N. Y. 496; *Johnson* v. *Brasington*, 156 N. Y. 181; *Riker* v. *Gwynne*, 201 N. Y. 143; *Bushnell* v. *Carpenter*, 92 N. Y. 270.) The assignment made by the defendant Elizabeth S. C. Seavey to her mother-in-law, Mary E. Seavey, on the 19th day of November, 1908, was fraudulent and void. (*Young* v. *Heermans*, 66 N. Y. 374; *Kain* v. *Larkin*, 4 App. Div. 209; *Robinson* v. *Stewart*, 10 N. Y. 189; *Townsend* v. *Bumpus*, 29 App. Div. 122; *Graff* v. *Bonnett*, 31 N. Y. 9; *Schenck* v. *Barnes*, 25 App. Div. 153; 156 N. Y. 316; *Billings* v. *Russell*, 101 N. Y. 226.) Even if Mary E. Seavey did advance the sums urged by the defendants as a consideration it does not avail to save the conveyance. (*Robinson* v. *Stewart*, 10 N. Y. 189; *Harris* v. *Osno-*

*witz,* 35 App. Div. 594; *Todd* v. *Monell,* 19 Hun, 362; *Guckenheimer* v. *Angevine,* 81 N. Y. 394.)

MILLER, J.   This action is brought by a trustee in bankruptcy to set aside a transfer made by Elizabeth S. C. Seavey, the bankrupt, to her mother-in-law of all her right, title and interest, present and future, in and to the estate of her grandfather. She had no other property. The court found upon sufficient evidence that she made the transfer with intent to cheat and defraud creditors, and in effect that it was voluntary except for the sum of $1,000 loaned by the transferee upon the security of it. The court also found that the transferee did not participate in said fraudulent intent. The judgment provides for the repayment of said loan with interest. The instrument of transfer was executed by both parties. The transferee expressly agreed that in consideration of the transfer she would devise and bequeath the estate transferred to her as well as all of her other estate in trust for the use of the transferror and her husband during their lives and the life of the survivor with remainder to their son. The particular clause of the will creating said interest reads as follows:

"In the event of the death of my said son, and the remarriage of his said wife, should she survive him, I desire and direct my said Trustees, John B. Clement and John Cox, to pay to my said grandchildren, lawful children of my son Henry S. Clement, or their descendants, all the estate hereby devised to my son, Henry S. Clement, and his children, as aforesaid.   *   *   *"

It is of no consequence that the transferee had no intent to hinder, delay or defraud the creditors of the transferror. A person cannot successfully put his property beyond the reach of his creditors by a transfer which secures it to himself and his children, even though the transferee may have the best of motives and be ignorant of his fraudulent intent.

The important question in the case is whether the interest of the bankrupt passed to the trustee in bankruptcy. Curiously enough the inalienability of that interest is asserted by those who claim under an assignment of it. It is forcibly urged by the learned counsel for the respondent that said interest is a vested remainder. However, we do not consider it necessary to determine whether it was vested or contingent, because we are of the opinion that in either view it was alienable.

It was decided in *National Park Bank of N. Y.* v. *Billings* (144 App. Div. 536; 203 N. Y. 556) that future contingent interests in personal property were alienable, the same as contingent remainders in real property, but it is argued that that case is distinguishable in that in this case the persons who are to take cannot be ascertained until. the death of the life beneficiary. The writer did observe in that case that there was no uncertainty of the person, and it has been stated by text writers and often assumed by judges that contingent interests are mere possibilities and not alienable where there is uncertainty of the persons who are to take. That doctrine had its origin in conditions which no longer exist. It did not survive the adoption of the Revised Statutes, which divided expectant estates into (1) future estates and (2) reversions, and provided that a future estate is contingent "while the person to whom or the event on which it is limited to take effect remains uncertain," and that "an expectant estate is descendible, devisable and alienable, in the same manner as an estate in possession." (R. S. pt. 2, ch. 1, tit. 2, §§ 9; 13 and 35; now Real Prop. Law [Cons. Laws, ch. 50], §§ 36, 40 and 59.) Those provisions are plain and simple and leave no room for the refinements of the ancient common law.

Assuming the interest of Mrs. Seavey under her grandfather's will to be contingent it will be extinguished by her death before the death of her father. If the person to take were certain, and the event uncertain, the contin-

gent interest or estate would never vest in possession, unless the event happened. The statute makes no distinction between uncertainty of person and uncertainty of event, and there is no sound reason to make such a distinction with respect to the alienability of contingent interests. Whatever the uncertainty, they are defined by the statute as estates. Of course, the contingency may be such that the interest or estate is not transmissible, descendible or devisable, but so far as the nature of the contingency admits, all expectant estates are descendible, devisable and alienable. The interest of Mrs. Seavey is certain to vest in possession and enjoyment if she survives the event, and there is no substantial difference between this case and *National Park Bank of N. Y.* v. *Billings (supra).* In that case, as in this, the interest was contingent upon survivorship, but in this case, as in that, it is not subject to the will of a third party, and is more than a mere possibility, *e. g.,* the chance of sharing as next of kin in the estate of another upon his death or "that which the heir has from the courtesy of his ancestor," or a mere possibility of reverter, which was involved in *Upington* v. *Corrigan* (151 N. Y. 143).

We should not introduce subtleties into the plain rule of the statute, unless constrained to do so. It will not be profitable to discuss in detail the many cases cited by the appellants. Expressions may be found in judicial opinions which, apart from their context, may seem to support the distinction sought to be made between uncertainty of person and uncertainty of event, but it is sufficient to say that the precise point has already been decided by this court in favor of the respondent, and that the cases relied upon by the appellants did not deal with it.

*Jackson* v. *Waldron* (13 Wend. 178) and *Edwards* v. *Varick* (5 Denio, 664) are only of historical interest. They involved an assignment made in 1804. Their authority even as to the common law was much weakened,

if indeed they were not overruled, in *Miller* v. *Emans* (19 N. Y. 384). *Moore* v. *Littel* (41 N. Y. 66) was the first authoritative decision on the effect of the Revised Statutes. It involved a grant made in 1832 to one John Jackson "for and during his natural life, and after his decease to his heirs and their assigns forever." The question was whether the children of John Jackson had an interest in the premises which they could convey during his life. Judge WOODRUFF was of the opinion, *first,* that the remainders were vested, and, *second,* that if contingent, they were alienable under the Revised Statutes, although the uncertainty was as to the persons. A majority of the court concurred on the latter ground, as was pointed out by Judge FINCH in *Hennessy* v. *Patterson* (85 N. Y. 91, 104). While *Moore* v. *Littel* has sometimes been criticized, it has never been overruled, but has been cited many times as authority for the proposition that contingent estates are alienable. (*Ham* v. *Van Orden,* 84 N. Y. 257, 270; *Beardsley* v. *Hotchkiss,* 96 N. Y. 201, 213; *Dodge* v. *Stevens,* 105 N. Y. 585, 588; *Griffin* v. *Shepard,* 124 N. Y. 70, 76; *Matter of Pell,* 171 N. Y. 48, 54; *Roosa* v. *Harrington,* Id. 341, 353; *Baltes* v. *Union Trust Co. of N. Y.,* 180 N. Y. 183, 187.)

It seems strange that the question should still be thought open. It should be set at rest. We adhere to the ruling of *Moore* v. *Littel* not alone because it has been recognized as authority so long, but because that ruling gives effect to the plain language of the statute. I may add that the rule is the same in Massachusetts. (*Putnam* v. *Story,* 132 Mass. 205; *Whipple* v. *Fairchild,* 139 Mass. 262.)

The judgment should be affirmed, with costs.

CULLEN, Ch. J., WILLARD BARTLETT, CHASE, CUDDEBACK and HOGAN, JJ., concur; GRAY, J., not voting.

Judgment affirmed.