In the Matter of the Judicial Settlement of the Account of JOSEPH P. DAY as Substituted Trustee under the Last Will and Testament of J. MONROE TAYLOR, Deceased.*

Surrogate's Court, New York County, October, 1922.

*Wills — construction — residuary trust — provision against anticipating enjoyment of future estate — remaindermen may assign their rights to receive their shares when due — surrogate may refer questions of law — Surrogate's Court Act, § 66.*

SETTLEMENT of trustees' accounts.

*A. Page Smith,* for contestants.

*Harold E. Lippincott,* for trustee.

*Leslie J. Tompkins,* special guardian for infants.

JESSUP, Referee. This matter was referred to me by an order of Hon. James A. Foley, surrogate, made the 23d day of November, 1921.

Joseph P. Day, as substituted trustee under the last will and testament of J. Monroe Taylor, deceased, had filed his account. Objections were interposed thereto on behalf of Elisabeth G. Miller and Paul M. Pope, through their attorney, A. Page Smith, and I was directed to inquire into the necessary jurisdictional facts, to examine said account and objections, to hear and determine all questions arising upon the settlement of said account which the surrogate has power to determine, and to make report to the court with all convenient speed.

The objections aforesaid related first to a sale of real estate belonging to the decedent for $100,000 cash and a purchase-money mortgage of $475,000, on the ground that the sale price was not adequate and that the mortgage was not a proper, adequate nor sufficient legal security to be taken as a part of the consideration therefor, and connected therewith was the notice that they would bring up on the hearing the legality of the sale and the investment of its proceeds. There were other objections which were not pressed nor litigated, and the notice of objections closes with the statement that " The rights and interests of the several parties

---

* Confirmed by decree of Surrogate John P. Cohalan October 30, 1922.

cited in this proceeding, under the provisions of the said will of J. Monroe Taylor, deceased, are to be submitted to this court for adjudication and determination, under its interpretation and application of the provisions of said will."

After the first hearing the attorney for the objectants made a personal examination into the question of value of the premises on Cortlandt street that were sold, and, having satisfied himself by obtaining expert opinion and advice, stated on the record at page 149: "I think it due to the accounting trustee and his counsel and to the Court that I should state my conclusions, which are to the effect that I feel that the sale of the property as accounted for by the trustee was for its full market value on that date." This eliminated entirely the question of the adequacy of the price. Still, I am prepared to decide that upon the sale the discretion of the trustee in taking a purchase-money mortgage in order to accomplish such a sale, in the absence of collusion, would be sustained. Confirming this view is a decision appearing in the Law Journal of January 27, 1922, *Estate of James Quinlan,* in which Surrogate Cohalan, calling attention to section 110 of the Decedent Estate Law, which authorizes executors to make a sale of real estate upon such terms " as in the opinion of the executor shall be most advantageous to those interested therein," held that taking back a purchase-money mortgage would seem to be part of the terms of the sale *to be decided by the executor.*"

Mr. Smith confined his attention thereafter, pursuant to the final notice contained in his objections, to proving the status of his client, Elisabeth G. Miller, which had been questioned early in the hearing on the ground that she had no interest justifying her in her position as objectant.

This trust is a residuary trust, to pay the whole of the net annual income, net rents and profits, " as the same is earned," to the daughter of the testator, Laura T. Pope, during the term of her natural life, and upon her death the whole of said estate undisposed of by the provisions of the will and accumulations thereof, " Shall be divided equally and go to the grandchildren of the testator, James G. Pope, Charles Fairfield Pope and Pauline Pope Day, share and share alike," and the will further provides that " in case of the death of any or either of the said grandchildren before the decease of the said Laura T. Pope without leaving issue him or her surviving, his or her interest under the will shall go to his or her surviving brothers and sisters, *but if he or she shall leave lawful issue him or her surviving, the same shall pass to such lawful issue.*"

It is conceded that Laura T. Pope is living, and still in receipt of the income of this trust. It is also conceded that one of these

grandchildren, Charles F. Pope, departed this life leaving him surviving three children, Charles Fairfield Pope, Paul Martindale Pope and James G. Pope, as his sole next of kin and heirs at law, coming within the terms of the will as his "lawful issue," and also leaving his widow, Elisabeth G. Pope, who has since remarried and is the objectant Elisabeth G. Miller.

James G. Pope, one of these children, being an infant, Mr. Leslie J. Tompkins appeared, by due appointment, as his special guardian. The other two were of full age, were cited in this proceeding and appeared by counsel before me, but on the hearings Mr. Smith offered in evidence an assignment dated December 24, 1919, from Charles Fairfield Pope, one of these issue of Charles F. Pope, to his mother, Elisabeth G. Pope, duly acknowledged and recorded in the office of the surrogates of the county of New York on December 27, 1920, in book 21 of conveyances of mortgages and interests in decedents' estates at page 125.

Also a similar assignment dated the same date from Paul Martindale Pope, another of said issue of Charles F. Pope, to his mother, Elisabeth G. Pope, duly executed and acknowledged and recorded in the office of the surrogates of the county of New York in liber 21 of conveyances of mortgages and interests in decedents' estates at page 126. He also offered in evidence a certified copy of the last will and testament of Charles Fairfield Pope, one of the aforementioned grandchildren of the testator, and father of her two assignors, admitted to probate in the Surrogate's Court of the county of New York on March 10, 1914, and recorded on that date in the surrogates book of wills No. 997, on page 196.

At one of the last hearings, after much informal colloquy, Mr. Smith withdrew all the objections to the pecuniary features of the account, as filed by him, excepting the final request that the rights and interests of the several parties under the provisions of the will were to be submitted "for adjudication and determination by the court, under its interpretation and application of the provisions of said will."

It had been the desire of the trustee's attorney before Mr. Smith so acted, to file a supplemental schedule, and in support thereof he had offered prior decrees settling the account of the administrators of this trust from time to time in order to show that moneys had been taken from income for purposes of principal, contending that it was proper at this time to restate the relative claims of principal and income upon the gross sums which had been received and administered by the trustee in order to make good to the life tenant her diminution of support within the intent of the testator during the time when, by virtue of a contract outstanding

at his death, large disbursements had to be made in improvement and rebuilding real property, the sale of which had been subject to the objections of Mr. Smith at the outset.

Ultimately, however, Mr. Lippincott, appearing for the trustee, stated that he would not request a finding at this time so restoring income expenditures made out of it during previous years. The new schedule was not filed; the right to object thereto reserved to the other parties became immaterial, and the matter was submitted for my decision.

The only question, therefore, for my determination, since the account in respect to its pecuniary items must stand and be judicially settled as filed, is whether Elisabeth G. Miller's status, by virtue of these assignments and of the will of her husband, one of the grandchildren mentioned in the will as the remaindermen of this trust, is such that it will entitle her to distribution when the period of distribution arrives.

I may say in this respect that this question of her status arose on the threshold of the trial merely upon a dispute of her right to file objections. I am informed, although no testimony to that effect was produced, but all counsel agreed, that this account was filed as the result of an application previously made to compel the trustee to file an increased bond and that this accounting is being had for the purpose of informing the court as to whether that application for an increased bond shall be granted or denied. This being so, it seems to me, the time of distribution not having arrived, that it is unnecessary to determine presently the question of Mrs. Elisabeth G. Miller's status. The dispute as to her right to file objections arose in ignorance of the theretofore undisclosed fact that she claimed by the above assignments from two of her sons of their respective interests as the lawful issue of Charles F. Pope, one of the remaindermen of the will of the testator, and by virtue of the will of Charles F. Pope. While the instruments were of record the trustee had no actual notice of their execution, or of any change in the status of the beneficiaries. Nor did the special guardian, whose careful, thorough and valuable report on the facts in this estate is a highly commendable example of what such reports can be made to afford. And this question underlay a motion to dismiss her objections as distinct from those of one of her sons. It was in connection with the discussion of this subject that counsel for Mrs. Miller called attention to the clause in the will called the "forfeiture clause," numbered "twelfth," which reads as follows: "No legatee in this my Will shall have the power to anticipate any legacy or income provided for, or to transfer or dispose of the right to receive the same, or any part thereof, and my executors are hereby forbidden to pay the same

before due, or to any party except the persons herein named or entitled to receive the same."

Without going into the examination of his discussion of authorities on this point it seems to me obvious from the tenor of the whole will that this was simply intended to prevent any of the beneficiaries from anticipating their future rights in the testator's estate, and that the transfer by these sons of Charles F. Pope to their mother in consideration of natural love and affection and of one dollar, of their right to receive their shares when the same shall become due is not within the intent of the provision of the will against anticipating enjoyment of a future estate. Their future estates, whether vested or contingent on their surviving the life tenant, were alienable. *Clowe* v. *Seavey*, 208 N. Y. 496. So, if the matter be one which it is proper for me to decide at this time I would be inclined to hold that Elisabeth G. Miller stands to this estate, as a beneficiary, in the shoes of her assignors, the sons aforesaid, to the extent that their vested shares amount to two-thirds of the share of their father, which was vested in him at the death of the testator, subject, however, to be divested if he should predecease the life tenant, in which case, if he should leave lawful issue, his share would pass under the terms of the will to such lawful issue share and share alike. If the surrogate is of the opinion that this is a proper time for the making of such determination it will avoid the necessity of a relitigation of this question upon the final accounting of the trustee after the death of the life tenant. I have, therefore, prepared findings and conclusions in accordance with this view, and by the adoption or rejection of the conclusions with regard to the status of Elisabeth G. Miller, the question can be settled or left open, in the latter alternative, I think without prejudice, until such future accounting.

Reported accordingly.