In the Matter of the Estate of ALLAN ROBINSON, Deceased.

Surrogate's Court, Wayne County, March 28, 1935.

*James P. Thompson,* for Eliza Hoad, as administratrix c. t. a. of Allan Robinson.

*Charles P. Williams,* for Hazel A. Robinson, individually, and as executrix, etc., of George A. Robinson.

GILBERT, S.   On this proceeding for a judicial settlement of the account of the trustee of a trust fund created by the provisions of the last will and testament of the decedent, a construction of decedent's will becomes necessary.

Without quoting the provisions of the will verbatim, it is sufficient for the purposes of this decision to briefly state them.   By the second paragraph of the will the testator gave, devised and bequeathed to his daughter Ida Mabel the undivided one-half part of all his estate, to be hers absolutely; by the third paragraph of the will decedent gave, devised and bequeathed to Calvin J. Mitchell, as trustee, the other undivided one-half of his estate in trust for testator's son, George A. Robinson, " so long as he, my said son, George A., shall live, and from and after his death I give, devise and bequeath the said share to my daughter, Ida Mabel, to be hers absolutely, and forever, unless my said son, George A., should hereafter marry and have issue, then and in that case the said one-half shall go to his issue of the marriage hereafter made;" by the fourth paragraph of the will the testator named his daughter substitute trustee on the death of Calvin J. Mitchell; by the fifth paragraph he forbade a sale of his realty during the minority of his daughter; and lastly he appointed his son and daughter executors.

From the facts stipulated by the parties in interest it appears that the testator died on July 26, 1914, and his will was admitted to probate by this court September 14, 1914.   The testator was survived by his son George A. and his daughter Ida Mabel, his only heirs at law and next of kin.   Prior to the execution of the will the testator's son had married and had two sons, issue of the marriage, Clayton Robinson and Herbert Robinson; this marriage had been dissolved by a judgment of divorce prior to the execution

of the will and this fact was known to the testator at the time he executed the will. The daughter, Ida Mabel, died on August 26, 1921, intestate, leaving no issue and leaving her brother, the said George A., her only heir at law and next of kin. The son George A. did subsequently marry and died September 6, 1934, without issue, and leaving a will under which he gave all of his estate to his second wife, Hazel A. Robinson.

The respective claimants herein are: (1) The said Clayton Robinson and Herbert Robinson, grandsons of the testator, being the children of George A. Robinson by his first marriage; and (2) the said Hazel A. Robinson, the widow of George A. by his second marriage, and the sole beneficiary under his will.

The bases of the claims are as follows: The two grandchildren assert that by reason of the failure of issue of the second marriage of their father, George A., and by reason of the fact that Ida Mabel died prior to the death of their father, at the termination of the trust upon the death of their father there is no provision in the will which disposes of the trust estate and the result is intestacy as to this part of the estate and the same passes to them as the heirs at law and next of kin of their grandfather, the testator Allan Robinson. On the other hand, Hazel A. Robinson contends that the remainder of the trust estate vested in Ida Mabel Robinson upon the death of the testator and that upon the death of Ida Mabel, intestate, this remainder passed to her brother George A., the life beneficiary of the trust, and now passes to her, as sole beneficiary under the will of George A.

It is conceded by the respective claimants that the solution of the question involved depends on whether or not upon the death of the testator his daughter Ida Mabel acquired such a vested interest in the remainder of the trust estate as, upon her death before the life beneficiary, could be devised by her will or would pass as her intestate property.

There is probably no question that arises on the construction of wills more frequently than the question involved in this case nor upon which the cases seem to be more at variance. To read all of the reported decisions on this phase of the law would tend rather to confuse than to assist in a decision of the instant case. Out of the maze of decisions on the question of the vesting of future estates there seem, however, to be several principles or rules of construction which the court should attempt to apply to assist in deciding this question when it arises and I shall enumerate several of these rules.

*First.* The primary rule is that of intention. If the intention of the testator can be deduced from the will, that interpretation

must be given which carries out this intention, if it is lawful, and all other rules or guides to interpretation must go by the board.

*Second.* Intestacy should be avoided by any reasonable interpretation.

*Third.* Early vesting of estates is favored, but, as stated in *Dougherty* v. *Thompson* (167 N. Y. 472), " it is true that the law favors the vesting of legacies as early as possible, but it does so to avoid perpetuities, intestacy, illegal suspension of the power of alienation, and to effect an intent which might otherwise be defeated."

*Fourth.* Heirs of the blood should be preferred to strangers.

No attempt is made by the court to list these rules of interpretation in their order of importance, except as to the rule of intention which is first and paramount.

In view of the fact that the issue of the first marriage, the present claimants Clayton and Herbert Robinson were living at the time of the execution of the will, it is apparent, and in fact is so stipulated as a fact in this case, that the testator did not intend these two grandchildren to receive the remainder of the trust created for George A. However, it is also apparent from the testator's will which provides, " unless my said son, George A., should hereafter marry and have issue, then and in that case the said one-half shall go to his issue of the marriage hereafter made," that the testator did not intend a widow of the second marriage, the present claimant Hazel A., to receive the remainder of the trust. We, therefore, have a situation in the present case where all claimants are persons whom the testator did not intend to receive any of his property; yet one or the other must receive it. In short, circumstances have arisen not foreseen by the testator and for which he has made no provision by his will.

Passing to the rule as to intestacy. In order that the claimants Clayton and Herbert, the grandchildren, may receive this remainder, it must be held that intestacy resulted. To avoid intestacy and to hold that the daughter Ida Mabel acquired at the death of the testator such an interest in the trust remainder as passed to her heirs upon her death before the termination of the trust, would pass this estate to the widow of the second marriage, the claimant Hazel A., whom the testator did not intend should receive any of his estate.

Passing to the rule of early vesting. There was an immediate vesting of this trust estate in the trustee (Real Prop. Law, § 100).

Passing to the rule of preference of heirs of the blood to strangers. To apply this rule in the instant case would also result in passing the estate to a person whom the testator did not intend to receive it.

I believe the instant case to be unique in the violation of intent and the clashing of rules of construction which must result whichever way it is decided.

Was there a vesting of the remainder of the trust estate in Ida Mabel Robinson upon the death of the testator? Of course, there was no vesting in possession nor was there a vesting in her of the right to income. The trustee became vested with the title subject only to the execution of the trust and the right of the beneficiary to enforce performance (Real Prop. Law, § 100). Section 40 of the Real Property Law defines when future estates are vested and when contingent. The Appellate Division of this Department in the opinion written by Mr. Justice TAYLOR in *Matter of Gates* (239 App. Div. 666), a case which arose in this court and in which this question of vesting was concerned, has this to say (at p. 670): " We adopt the following statement of Judge CARDOZO at page 103 of his opinion in *New York Life Ins. & Trust Co.* v. *Winthrop* (237 N. Y. 93) as an apt commentary upon the probem we have under discussion: ' When we speak in this connection of the vesting of an interest, we mean, of course, a vesting that is absolute and final. The statutory definition of vested and contingent estates sheds little light upon the problem, for an estate may be vested within the definition of the statute, though defeasible by death before the moment of division (*Moore* v. *Littel*, 41 N. Y. 66; *Campbell* v. *Stokes*, 142 N. Y. 23, 30; *Clowe* v. *Seavey*, 208 N. Y. 496, 502; *Doctor* v. *Hughes*, 225 N. Y. 305, 310). The only significant distinction for the purpose now in view is between an estate that is absolute and one subject to conditions (*Matter of Curtis*, 142 N. Y. 219, 223; *Matter of Seaman*, 147 N. Y. 69, 75).' (See, also, *Matter of Watson*, 262 N. Y. 284, at page 299, where the court speaks of ' a vested remainder to be divested upon the coming of issue.') The statute makes expectant estates descendible, but that declaration is subject to the rule that contingent interests may be such as to prevent descent. (*Clowe* v. *Seavey*, 208 N. Y. 496.) "

The testator did not give an absolute estate in the remainder of the trust to his daughter Ida Mabel. Her estate was contingent upon the failure of testator's son to remarry and to leave issue of such a second marriage. There was no present gift of the remainder of the trust estate but it was an outright devise and bequest of the one-half of testator's estate to the trustee, " and from and after his death " a devise and bequest to Ida Mabel " unless my said son * * * should hereafter marry and have issue, then and in that case the said one-half shall go to his issue of the marriage hereafter made." As stated by the court in *Matter of Watson* (262 N. Y. 284), each testament must stand

upon its own feet and be construed according to its particular provisions.

A careful reading of the clause in question would seem to establish that the remainder is not disposed of until the death of the life tenant and then is bequeathed according as the situation should exist at that time; either to the daughter Ida Mabel or to issue of the son George A. by a subsequent marriage, as the case might be. If this interpretation is correct, then, when the time arrived to determine to whom the bequest was made, there was no one in being to take.

It is true that a vested estate is descendible, devisable and alienable (Real Prop. Law, § 59), and that even a contingent interest is descendible, devisable and alienable, subject, however, to the happening of the contingency. (*Bergmann* v. *Lord*, 194 N. Y. 70; *Kenyon* v. *See*, 94 id. 563, 568; *Clowe* v. *Seavey*, 208 id. 496.)

The vesting referred to seems, however, to be an absolute vesting and the contingent interest is dependent upon the survival of the legatee beyond the period of the contingency.

I cannot escape the conclusion, although there seems to be authority to the contrary, that in the instant case the survival of Ida Mabel Robinson beyond the period of the life estate was prerequisite to an absolute vesting of the remainder of the trust estate and that upon her death prior to the death of her brother, and upon the failure of issue of the second marriage of George A. Robinson, the remainder now passes as intestate property of the testator Allan Robinson and goes to his two grandchildren, the claimants Clayton and Herbert Robinson, in equal shares, and a decree may be entered accordingly.